UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES R. GORTON,<br><br>           Plaintiff,<br><br>    v.<br><br>OFFICER BICK, et. al.,<br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) | CV F- 05-0354 REC DLB P<br><br>ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF INTENT TO PROCEED WITH COGNIZABLE CLAIM |

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's complaint transferred to this Court on March 17, 2005. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names as defendants Correctional Officer Bick, Lieutenant Espinosa, Captain Fox, the Chief Deputy Warden of Sierra Conservation Center and the Acting Warden of Sierra Conservation Center. Plaintiff alleges that on May 13, 2004, he was placed in protective custody by 2nd watch. He alleges that defendant Bick later escorted him into the custody office for confinement and then walked out, leaving the door open. Plaintiff alleges that inmate Pina then rushed into the office and attacked him. Plaintiff alleges that defendant Bick left the door open with malicious intent and deliberate indifference to plaintiff's safety. Plaintiff alleges that defendant Bick was motivated by his desire to encourage "prison justice" because of plaintiff's commitment offense.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

Plaintiff states a cognizable claim for violation of the Eighth Amendment against defendant Bick. However, plaintiff has failed to state any facts with regard to the remaining defendants. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The

1  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
2  within the meaning of section 1983, if he does an affirmative act, participates in another's
3  affirmative acts or omits to perform an act which he is legally required to do that causes the
4  deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In
5  order to state a claim for relief under section 1983, plaintiff must link each named defendant with
6  some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Because
7  plaintiff has failed to link the remaining defendants with some affirmative act or omission, he fails to
8  state a cognizable claims against these defendants.

9       Plaintiff is also advised that supervisory personnel are generally not liable under section 1983
10 for the actions of their employees under a theory of respondeat superior and, therefore, when a
11 named defendant holds a supervisorial position, the causal link between him and the claimed
12 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th
13 Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).
14 To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must
15 allege some facts that would support a claim that supervisory defendants either: personally
16 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
17 act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a
18 repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
19 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880
20 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be
21 alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit,
22 507 U.S. 163, 168 (1993).

23      The court finds that plaintiff's complaint states a cognizable claim for relief against
24 defendant Bick for violation of the Eighth Amendment.  However, the court finds that plaintiff's
25 complaint does not contain any other claims upon which relief may be granted under section 1983.
26 The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes
27 to do so.
28

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendant Bick on his Eighth Amendment claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff a summons and USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Bick.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Bick on his Eighth Amendment claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

    Dated:   September 7, 2005                /s/ Dennis L. Beck
3b142a                                              UNITED STATES MAGISTRATE JUDGE