**A M E N D M E N T**

Plaintiff's Name Charles R. Gorton
Inmate No. T-43446
Address CSP-LAC; B5-144L, P.O. Box=8457
Lancaster, CA 93539-8457



OCT 0 7 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

S. U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

1:05-CV-00354-REC-DLB-P
~~1:05-CV-00465-DFL-PAN~~

Charles R. Gorton
(Name of Plaintiff)

(Case Number)

vs.

COMPLAINT

C/O - Bick, SCC-III

Civil Rights Act, 42 U.S.C. § 1983

(Names of all Defendants)

## I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A. Have you brought any other lawsuits while a prisoner? Yes XX No __

B. If your answer to A is yes, how many? __one (1)__
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

Personal injury sustained while under Protective-Custody of C/O Bick.
1. Parties to this previous lawsuit:

Plaintiff    Charles R. Gorton

Defendants   C/O Bick, SCC-III

2. Court (if Federal Court, give name of District; if State Court, give name of County)

~~United States District Court, Eastern District of California~~

3. Docket Number (see CASE # above)    4. Assigned Judge /s/ Dennis L. Beck

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

Pending

6. Filing date (approx.) March 31, 2005    7. Disposition date (approx.) Pending

RECEIVED

OCT 0 7 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

1

**II.    Exhaustion of Administrative Remedies**

A.    Is there an inmate appeal or administrative remedy process available at your institution?

Yes xx  No___

B.    Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes xx  No___

If your answer is no, explain why not_____N/A_____

C.    Is the process completed?

Yes xx                    If your answer is yes, briefly explain what happened at each level.
: On 5/28/04 - I filed a formal complaint (Inmate Appeal CDC-602) and
requested monetary damages of $1,300,000 dollars, for personal injury
incurred while under protective custody of a Correctional Officer.
(see Exhibit -  )  This Appeal was rejected on 6/2/04, by...(Continued)

No___                    If your answer is no, explain why not.
N/A

**NOTICE:**    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution.  You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process.  Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002).  **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.**  Booth, 532 U.S. at 734.

2

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.  Defendant _C/O Bick_____ is employed as _Cal. State Correctional_
    _Officer_____ at _Sierra Conservation Center, SCC-3_____

B.  Additional defendants _N/A_____

_____

_____

## IV.    **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

On Thursday, 05/13/04, I was placed under Protective Custody by the 3rd Watch
On-Duty Correctional Officer (C/O Bick) at CSP-SCC-3, Housing Unit - Gym/T6, at
approx. 1815 hours.  C/O Bick, escorted me into the Gym Custody Office for confinement
and protection.  C/O Bick then walked out of the office, leaving the Custody Office
door open.  It was during that time that Inmate Pina, T-44230, rushed into the office
and attacked me.  C/O Bick made the remark, "I did the best I could to protect him!"
I hold C/O Bick responsible for this attack and the injuries I've sustained.  I consider
the actions of C/O Bick reckless, with malicious intent and deliberate indifference
Under Color of State Law.  I also believe his actions were motivated by a desire to
encourage 'Prison-Justice", because of my committed offense.  I hereby request that
a formal investigation be ordered by the Attorney Generals office, in regard to this
matter.

## V.    **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

I am requesting monetary damages for personal injury and physical/emotional pain and
suffering, in the amount of $1,300,000 dollars (U.S.), plus punitive damages.  I also
request criminal charges to be filed against Officer Bick, for reckless endangerment,
with deliberate indifference Under Color of State Law.

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Date___September 24, 2005    Signature of Plaintiff _____

(revised 6/01/04)

Part II (continued; Item-C)

Appeals Coordinator J. Tennison (SCC-III), stating "Compensation is outside the scope of the appeals process," and that I had to delete that part of Section-B. (see Exhibits - A1:A4 ).

On 6/20/04 I received this rejection back and resubmitted on 6/20/04.

On 6/29/04 I received this appeal back from the Informal level of Appeal, with the issued Log# SCC-04-00728. This appeal was partially granted on 6/14/05 (my request to be sent to either CMC or Lancaster State Prison. However, my request to discover the accused C/O's name was left unanswered.
Note: This partial approval was 'Pre-Dated - 07/21/04.' Yet it was received on 6/29/04.

On 7/5/05 I resubmitted this Appeal to the First Level Appeal. (see Exhibit - B1, Part-D)

This action was assigned on 7/9/04. (see Exhibit - , Part-E)

According to the California Code of Regulations (CCR), Title-15, section - 3084.6(b)(1 & 2) The department response shall be responded to and completed within 10-working days for the 'Informal Level' and 30-working days for the First Level'. Hence, this would make the required completed date 08/19/04, as indicated on Exhibit -B2, Part-D.

However, not only was this appeal grossly overdue by 42 days, a total of 72 days, but the CC-II respondant "Andrade) neglected to dictate any response whatsoever.

Because there is a 6-month maximum time limit required to file a claim with the California Board of Control, I was forced to submit this claim without having received a response from this Appeal Process (required by the Board of Control), I submitted a claim on 11/2/04. The Date-Stamp, reflects that this claim was received on 11/8/04  (see Exhibits - C1:C9).

Note: Appeal Number SCC-04-00728, was delivered to me on 11/15/04 at CSP-LAC (B5-229L) See Date-Stamp "To Appellant"

In conclusion, because of the gross negligence of CDC to comply with their own guidelines, Plaintiff did everything in his power to complete this Appeal-Process and is thus justified in having completed this required process.

### H I S T O R Y

1  Introduction:  It is the belief of the Plaintiff that **Institutional-Negligence**
2  played a role which lead up to this attack.

3      On February 1. 2002 - The presiding Judge for the Riverside County
4  Superior Court, sentenced the Plaintiff to a 16 year prison sentence
5  (Case# RIF092588).  The Judge ordered that the Plaintiff be immediately
6  transferred to California Mens Colony (CMC) to serve his sentence under
7  Protective Custody.  The Judge stated that court recognized the Plaintiff to
8  be a High-Risk Suiside based upon mental history.  (see Motion for Discovery)
9  The Plaintiff was then taken into custody and placed in Protective Custody at
10 the Riverside County Detention Center, while awaiting transfer.

11      On February 4, 2002 - Plaintiff was transported to Delano State Prison
12 Under Protective-Custody.  Upon arrival at Delano Prison Reception Center,
13 Plaintiff requested Protective-Custody and was temporary placed in a P.C. holding
14 Cell.  The reception Sergeant (Name unknown: see Motion for Discovery), denied
15 the Plaintiff's request.  Why?  This Sergeant stated that Plaintiff didn't
16 qualify and was placed in General-Population (housing D4-206).

17      During the Plaintiff's entire reception process. I felt constantly under
18 threat, which lead to my thoughts of suiside.  Additionally, Plaintiff repeatedly
19 requested to be placed under Protective-Custody to his assigned CC1 Counselor,
20 Psychiatric Evaluator and unit Correctional Officer (names unknown: see Motion
21 for Discovery).  However, in each case his request was ignored.  He was told
22 he didn't meet the criteria to qualify for P.C.  This caused the Plaintiff undue
23 mental stress, extreme anxiety, feelings of helplessness.

24      On or about February 24, 2002 - Plaintiff received notice of transfer
25 to Centinela State Prison, (level-4, Maximum Security).  The Plaintiff again
26 made multiple to his CC1 Counselor, advising him of the Judges order.  This

1    Counselor stated that the Judge has no jurisdiction to instruct California

2    Department of Corrections (CDC), and that I didn't meet the qualifications for

3    Protective Custody.

4         On or about March 1, 2002 - Plaintiff was transferred to Centinela State

5    Prison.  Upon boarding the bus, Plaintiff requested Protective Custody and was

6    placed in a p.C. holding cage for transport. Upon arrival at Centinela Prison,

7    Plaintiff was placed in an isolation cell and interviewed by the R & R Sergeant.

8    The Plaintiff requested to be placed under Protective-Custody, but this Sergeant

9    (name unknown; see Motion for Discovery), informed the Plaintiff that, "There

10   isn't any such thing here and Plaintiff better get use to it.  Welcome to Hell!"

11   Hence, this Sergeant denied his request.  Why?

12        Plaintiff was then assigned to General-Population housing (Building C2-116

13   medium-A Custody level. A1A unassigned).  Even though it is standard practice

14   for State Prisons to segregate unclassified Inmates from those who have been

15/6  Classified by the Classification Committee, Plaintiff was housed with a known

16   violent Inmate. affiliated Skin-Head gang member.  Why?

17        Upon entering the cell, this Inmate (name unknown; see Motion for

18   Discovery), demanded to see Plaintiff's 'Paper-Work', to reveal his offense.

19   When the Plaintiff refused, this Inmate threatened the plaintiff's life.

20   Plaintiff then advised the building Correctional-Officer of the incident and

21   that told this C.O. (name unknown; see Motion for Discovery) Plaintiff felt

22   in fear for his life.  This C.O. then interviewed Plaintiff in privacy, in which

23   the Plaintiff explained that he was in fear for his life because of his committed

24   offence. and that because he refused to show his paperwork, this Inmate had

25   threatened his life.  Plaintiff was then moved to a different cell in that

26   same building (C2-117), with another Inmate with a violent history.

1       However. because Plaintiff had repeatedly requested Protective-Custody,

2  Plaintiff was transferred to Administrative-Segregation (Ad-Seg) (C2-121).

3  Then because the Plaintiff was experiencing thoughts of Suicide, he was

4  transferred to Suicide-Watch (C2-148).

5       On or about April 3, 2002 - Plaintiff was classified as Triple C.M.S.

6  (CCCMS) and prescibed Psychotropic medication.

7       On or about May 10, 2002 - Plaintiff was transferred to Vacaville State

8  Prison. Acute Mental Ward, Department of Mental Health. for psychiatric

9  evaluation.  Plaintiff was diagnosed with deep depression and high anxiety

10  disorder. by Dr. Ryan.

11       On or about June 15. 2002 - Plaintiff was admitted into Vacaville's 'Day-

12  Treatment Program, Housing A2-228.

13       On or about June 20. 2002 - Plaintiff was informed by an Inmate/Patient

14  Thomas. that an A-2 Staff-Member had disclosed to him the details of the

15  Plaintiff's offense.  Inmate Thomas correctly disclosed these details and then

16  threatened Plaintiff with great bodily injury, because Plaintiff was a "Child-

17  molester". and that Inmate Thomas 'Kills' Child-Molesters.

18       Plaintiff immediately reported this incident to his Psychologist

19  Dr. Viesti. who then reported it to the Program Supervisor (name unknown; see

20  Motion for Discovery).  Both Staff members assured the Plaintiff that no harm

21  would occur and not to worry about Inmate Thomas.  This on going threat of

22  physical harm caused me (Plaintiff) to have even more stress and anxiety. for

23  I was truly in fear for my life.

24       On or about July 2002 - Inmate Thomas again approached the Plaintiff

25  and stated that he was going to 'Kill' the Plaintiff because he was a 'Rat'.

26  The Plaintiff again reported this incident immediately to the Senior MTA on

1   duty (name unknown; see Motion for Discovery).  This SMTA then reported the
2   incident to the on-duty Sergeant (name unknown; see Motion for Discovery), who
3   interviewed the Plaintiff.  The Sergeant advised the Plaintiff, that if anything
4   happened they would deal with it at that time, but since Inmate Thomas had not
5   made any physical attacks, he could only 'Talk' to Inmate Thomas.  Plaintiff
6   was then released to return back to his housing.

7       Shortly after this incident, (date unknown; see Motion for Discovery),
8   Plaintiff was purposely moved into the same dorm as Inmate Thomas, even with
9   his repeated threats of bodily harm.  That night there was a verbal altercation,
10  Plaintiff as moved from A-2 to A-3 the next morning.  Inmate Thomas was
11  transferred to a different prison.

12      On or about September 2003 - Plaintiff was discharged from the
13  Vacaville Day-Treatment Program.  Plaintiff was given the options to either
14  be transferred to 'Extended Out-Patient Treatment' (EOP) or back to the main-line
15  Plaintiff requested to stay at Vacaville Main-Line, because he desired to get
16  a job and have positive-active programming; EOP does not offer any programming.

17      On March 16, 2004 - Plaintiff was assaulted by Inmate Verducci, V-07295.
18  The Plaintiff was struck twice in the face and refused to engage in mutual
19  combat or to defend himself, and therefore did not receive any disciplinary
20  action.   Inmate Verducci is affiliated with the White Skin-Head Gang.

21      On March 19, 2004 - Plaintiff filed an 'Inmate-Appeal' CDC-602, concerning
22  this unprovoked attack, requesting the Department of Corrections file Assault
23  charges against Inmate Verducci.  This appeal was denied and 'Screened-Out'
24  by Appeals Coordinator 'Cry'.  (see attached Exhibits - D1:D2)

25      On March 21, 2004 - Plaintiff was again assaulted by a member of the
26  White Skin-head gang member in the Chowhall.  This incident occurred in front

of the attending Chowhall Security, C/O Forsythe, who refused to intervene.

That morning after this incident, Plaintiff wrote an emergency 602 appeal, concerning C/O Forsythe's blatant refusal to intervene.  I gave this appeal directly to my Floor-Officer C/O Brita, who instructed me to hand carry it to the program office.  (see Exhibits E1 - E3)

On March 25, 2002 - Plaintiff was interviewed by Sgt. DeMars, concerning these repeated assaults.  Sgt. DeMars stated that Plaintiff was a threat to institutional safety and security, and placed Plaintiff into Protective-Custody as well as placed in Ad-Seg. (S-308).  (see Exhibit - F1)

On April, 2004 - Plaintiff attended an Inmate Classification Committee Hearing, and was informed of the necessity to transfer him to another prison, under a 'Non-Adverse Transfer.'  The committee recommended Plaintiff be sent to a Sensitive Needs Yard Prison, either New Folsom or Mule Creek State Prison. Plaintiff requested an alternative choice of either CMC or Mule Creek.  This request was accepted by the Committee.  (see Exhibit - F2)

On April 27, 2004 - Plaintiff received notification of transfer to Sierra Conservation Center (level-3), a known gang active Main-line Prison.  The Plaintiff immediately sent an Emergency 602 to Associate Warden Craford, concerning his distress about this transfer and his fear for his own safety. However, this Appeal was ignored. (Exhibits G1-G3)      This is therefore another example of how the California Department of Corrections placed my life in jeopardy of bodily injury, mental distress and complete neglect towards my personal safety.

On May 13, 2004 - Plaintiff was transferred to Sierra Conservation Center, Main-Line and assigned to dorm housing within the Gym.  This action was in blatant disregard to CDC Title-15; CCR §3377.2(16)(c)(3)(D).  Because I had been sentenced in excess of 15 years, Plaintiff was Classified as 'Closed-B,'

1   which requires housing within a 2-man cell.  Therefore this decision must have
2   been an intentional act.  Plaintiff therefore holds the officer(s) responsible
3   for this act also responsible for the attack which took place.  (see Motion
4   for Discovery).

5   Upon Plaintiff's arrival at the Gym housing, he was immediately approached
6   by the White Skin-Head gang Inmates to show his 'Paper-work.'  Because I didn't
7   have any paperwork, I told they that I was a 'Child-Molester.'

8   Immediately after this, Plaintiff reported this incident to the On-Duty
9   Correctional Officer (presumably known as C/O Bick, see Motion for Discovery).
10  C/O Bick was standing by the front entrance door of the inside of the Gym at
11  the time Plaintiff reported the incident.

12  Plaintiff requested Protective-Custody, stating, "I can't stay here, my
13  life is in danger."  C/O Bick demanded an explanation as to the Plaintiff's
14  request, at which time the Plaintiff explained the events that had just occured.
15  Also Plaintiff stated that he had told these gang-members that he was a 'Child-
16  Molester.'

17  C/O Bick grabbed the Plaintiff's arm and stated, "You told them that?
18  You just couldn't wait to start some 'SHIT' could you?"  C/O Bick then quickly
19  escorted the Plaintiff with urgency, into the Gym Custody Office.  C/O Bick
20  instructed the Plaintiff, "You stand there and don't move!"  C/O Bick, then
21  made a phone call to an unknown party. (see Motion for Discovery)

22  Present in the Custody Office was C/O Bick, Plaintiff and an unknown Inmate
23  assumed to be the Building Clerk. (see Motion for Discovery)  C/O Bick, after
24  making the phone call, then walked out of the Custody Office leaving the door
25  Partially open.

26  It was during this period of time when Plaintiff was left in an unprotected
27  state, that Inmate Pina (T-44230), a White Skin-Head gang member, took the

1  opportunity to rush inside the Custody Office and attack the Plaintiff.  (see

2  Exhibit – H)

3      Inmate Pina struck the Plaintiff several times in the head repeatedly

4  and then rushed out of the office.  The unknown Inmate/Clerk who had been

5  present during this attack, eye-witnessed the attack, before he also ran out

6  of the office. (see Motion for Discovery)

7      Plaintiff suffered a 1" inch laceration above his right eye brow, broke

8  nose, black eye, emotional distress, pain and suffering.  (Exhibits C5 – C7)

9      While this attack was in process, one of the On-Duty Officers pushed the

10  remote alarm.  (see Motion for Discovery)

11      Shortly after Inmate Pina ran out of the Custody Office, C/O Bick, as

12  well as several other officers, (see Motion for Discovery), rushed into the

13  Custody Office.  C/O Bick stated to the other Officers, "**I did my BEST to**

14  **PROTECT HIM!**"

15      The Plaintiff was then escorted to the Medical Office, where he received

16  several sutures to close up the laceration, and was examined for his injuries.

17  Plaintiff was also interviewed by some unknown Officers concerning the attack.

18  This interview was '**VIDEO-TAPED.**'

19      Plaintiff was then escorted to SCC-3 Ad-Seg, where he was refused proper

20  medical treatment, and denied access for his required prescribed orthodics,

21  that are necessary to relieve extreme pain and protect against further injuries.

22  (see Exhibits I1 – I5)

23      On July 21, 2004 – Plaintiff was transferred to Lancaster State Prison

24  a Sensitive Needs Yard prison.

25

26

27

EXHIBIT – A.1

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)        JUN 0 2 2004

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | | 1. | |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME GORTON, C | NUMBER T43446 | ASSIGNMENT AD-SEG | UNIT/ROOM NUMBER 2T-121U |
|---|---|---|---|

A. Describe Problem: On Thursday, May 13 2004, at about 1800 hour I was taken into Protective Custody by the on duty Correctional Officer and was placed into the Building #6 Custody Office. The Correctional Officer remained with in while he made a phone call. But then he personally left the office leaving me alone with another C.P. Inmate who was waiting at the office desk. Additionally the C/O did not fully close the door nor did he lock it. It was during this

If you need more space, attach one additional sheet. period of time, leaving me completely

B. Action Requested: To receive #1.3 million dollars in personal injury & psychological trauma damages. Also to be sent to a Sensitive Needs Yard as was recommended by I.C.C. - SMF and I.CC. - SCC-III.

Inmate/Parolee Signature: Chris R. Gorton                    Date Submitted: 5/28/04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____                    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed                    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: ScreenOut

June 2, 2004

**GORTON, T43446**
2T1 00000000140L

Log Number: SCC-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*A request for compensation is outside the scope of the appeals process. You need to delete that part of Section B. Also, if you have a complaint regarding CMF you need to send them a separate appeal.*

J. Tennison
Appeals Coordinator
Sierra Conservation Center

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

COPY

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| GORTON, C | T43446 | AD-SEG | 27-121u |

A. Describe Problem: ON Thursday, May 13 2004, at about 1800 hrs, I was placed under protective custody by the on-duty Correctional officer (C/O), inside the Building #6 Custody office. The C/O remained with me while he made a phone call. But then the C/O left the office leaving me alone inside the office with another G/P inmate who was setting at the desk, also C/O left the office door unlocked & open. During this period

If you need more space, attach one additional sheet. of time, the C/O left me completely [C]

B. Action Requested: Pursuant of "Green Out" notification Jun. 2, 04 concerning requests for compensation, I reserve the right to file a claim with the California State board of Control. I also request transfer to CMC, due to sensitive needs & family hardship for visiting. (Cont)

Inmate/Parolee Signature: Chris R Gorton                    Date Submitted: 5/28/04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

INMATE APPEAL
FORM CDC-602
Case 1:05-cv-00354-DLB   Document 15   Filed 10/07/05   Page 15 of 49
COPY   PAGE-2
5/28/04
(EXHIBIT - A4)

GORTON, C.   T43446   2T-121U.

Continued From Section A:

unprotected, giving Inmate PINA (T-44230) the opportunity to rush into the office and attack me.

I consider the action by this correctional Officer to be reckless with Deliberate Indifference and Malace towards the insurance of my personal safety (15CCR§ 3271). I believe his actions of Gross Negligence were more motivated by the knowledge and nature of my committed offense. This was also demonstrated by his comment to me saying, "You couldn't wait to cause some shit could you!"

Therefore I hold the C/o responsible for this attack resulting in my physical & mental injuries, because he failed to provide proper safety measures to ensure my personal safety.

Respectfully,
Charles R. Gorton

Continued From Section B:

I hereby request a copy of the accident report as well as the legal name and employee number of the on-duty C/o who took me into Protective

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

JUL 0 9 2004

JUN 3 1 2004

Location: ___ Institution/Parole Region: ___ Log No. ___ Category ___
1. ___ SCC ___ 1. 04-00728 ___ IL
2. ___ 2. ___

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No appeals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| GORTON, C | T43446 | AD-SEG | 2T-T27 |

A. Describe Problem: ON THURSDAY, MAY 13 2004 AT APPROX 1800 hrs, I WAS PLACED UNDER PROTECTIVE CUSTODY BY THE ON-DUTY C/O, AND PLACED ESCORTED INTO THE CUSTODY OFFICE, INSIDE BUILDING #6. THIS C/O REMAINED WITH ME WHILE HE MADE A PHONE CALL. AFTER THE PHONE CALL THIS C/O WALKED OUT OF THE OFFICE, LEAVING THE DOOR OPEN AND LEAVING ME UNPROTECTED, THERE WAS ANOTHER G/P INMATE SITTING AT A DESK. IT WAS DURING THIS PERIOD OF TIME THAT INMATE PINA (T-4423- TOOK THIS OPPORTUNITY TO RUSH INTO THE OFFICE AND ATTACK ME.

If you need more space, attach one additional sheet. I SUFFERED A 1¼" LASERATION ABOVE MY RIGH.

B. Action Requested: I REQUEST THAT I RECEIVE A COPY OF THE ACCIDENT REPORT TO POSITIVELY IDENTFY THE NAME OF THIS C/O, AND TO BE IMMEDIATELY TRANSFERRED TO AN S&Y PRISON: CMC OR LANCASTER SO THAT I CAN GET VISITS FROM MY FAMILY.

Inmate/Parolee Signature: _Charles R. Gorton_ Date Submitted: 6/20/04

C. INFORMAL LEVEL (Date Received: 7/21/04 )

Staff Response: PARTIALLY GRANTED

YOU WERE ENDORSED LAC-III SNY ON 6-14-04. I READ THE CDC-115 ISSUED TO INMATE PINA (T4423D). THERE IS NO INCIDENT/ACCIDENT REPORT.

Staff Signature: _Q. Thompson_ CCII (A) 7/22/04 Date Returned to Inmate: ___

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I REQUEST TO KNOW THE NAME OF THE C/O WHO TOOK ME INTO CUSTODY PRIOR TO BEING ATTACKED AND TO BE IMMEDIATELY TRANSFERRED TO AN SNY PRISON: CMC OR LANCASTER SO I CAN GET VISITS FROM MY FAMILY.

Signature: _Chas R. Gorton_ Date Submitted: 7/5/04

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ___JUL 0 9 2004___ Due Date: _AUG 1 9 2004_

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _CC II_ Date Completed: _10/12/04_

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: OCT 1 8 2004

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    □ Granted    □ P. Granted    □ Denied    □ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

□ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   □ Granted    □ P. Granted    □ Denied    □ Other _____

□ See Attached Letter

CDC 602 (12/87)    Date: _____

Case 1:05-cv-00354-DLB Document 31 Filed 10/07/05 Page 18 of 49

INMATE APPEAL                                                    6/20/04

CHARLES GORTON, T43446, 2T-121                              PAGE 2

PART A: EYE BROW, A BROKEN NOSE AND TISSUE DAMAGE
CONTINUED   TO THE RIGHT EYE (BLACK EYE)

        I CONSIDER THE ACTIONS BY THIS C/O,
LEAVING ME UNPROTECTED IN AN UNSECURED
OFFICE, AFTER HAVING PLACED ME UNDER PROTECTIVE
CUSTODY, TO BE RECKLESS WITH DELIBERATE
INDIFFERENCE UNDER COLOR OF STATE LAW,
TOWARDS THE ASSURANCE OF MY PERSONAL
SAFETY (15 CCR §3271) AND (8TH & 14TH AMENDMENTS
TO THE FEDERAL CONSTITUTION: RIGHT OF PRISONER TO
BE REASONABLY PROTECTED FROM THREAT OF VIOLENCE
BY FELLOW PRISONERS [VOSBERG v SOLEM (8TH CIR 1988)
845 F.2d 763, 109 S.ct. 313])

        I HOLD THIS C/O RESPONSIBLE FOR THIS ATTACK
RESULTING IN MY PHYSICAL & PSYCOLOGICAL
INJURIES.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| CHARLES R. GORTON | | 6/20/04 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| CHARLES GORTON | | T43446 | 6/20/04 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

State of California

# Memorandum                    (EXHIBIT - B5)

**Date** : September 12, 2004

**To** : Inmate Gorton
        T43446

**From** : Sierra Conservation Center, Jamestown, CA, 95327

**Subject:** SCC APPEAL LOG# SCC-X-04-00728
          **FIRST LEVEL RESPONSE**

### APPEAL DECISION: Partially Granted

**APPEAL ISSUE:** You are appealing the fact that you feel the action of CDC staff to be reckless towards your personnel safety, and request an immediate transfer.

**ACTION REQUESTED:** You are requesting the name of the C/O who took you into custody prior to being attacked, and an immediate transfer to a sensitive needs prison.

**APPEAL RESPONSE:** Mr. Gorton your CDC 602 and its attachments have been reviewed and an investigation into this matter has been completed. You were interviewed by CCI Teaney at LAC State Prison on 8/19/04. He informed you of the CDC 602 issues and you stated you wanted to continue the appeal process. In your informal and your first level 602 responses, you request a transfer to a sensitive needs yard and that has been granted on 7-21-04. You were transferred to LAC S.P. sensitive needs. You also request a copy of the incident report and the name of the C/O who placed you in the office prior to being attacked. You claim you were left in the office unprotected. You came to the office indicating you had a problem, you entered the office and waited there until the C.O could go retrieve the supervisor and at no time did the C/O place you into custody, you were not handcuffed. The C/O could not have anticipated your attack prior to the arrival of a supervisor. You had not identified an enemy nor that an enemy situation existed. At no time were you left in a vulnerable situation where you could not have defended yourself.

All documents regarding this incident are contained in your C-file and you could request another copy from your counselor at C.S.P. Lancaster.

Based on the above information, your appeal is **Partially Granted** at the First Level in that you have been placed SNY @ C.S.P Lancaster.

If you are dissatisfied with this decision, you may appeal to the next level by following the instructions on your appeal form.

J. ANDRADE                              F.X. CHAVEZ
Correctional Counselor II.              Associate Warden
Tuolumne Division                       Tuolumne Division

**Board of Control**

# GOVERNMENT CLAIM

Case 1:05-cv-00054-DLB   Document 15   Filed 10/07/05   Page 21 of 49

Board of Control  Victim Compensation Board

If you are filing this claim beyond six months from the incident date, please see instructions for filing a late claim application on the opposite page.

SBOC-GC-0002 (Rev. 6/00)

**RECEIVED**
NOV 0 8 2004
**MAILROOM**

G ___55O742___

(EXHIBIT – C1)

## Section 1: Claimant Information

Name of Claimant   CHARLES R. GORTON, T43446

Telephone Number (Include area code)

Mailing Address   LSP, B5-229, 44750-60TH Street West, Lancaster   CA   ( )   NONE

City   State   Zip Code
93536

## Section 2: Claim Information

Is the claim filed on behalf of a minor? ☐ Yes ☒ No   If yes, please indicate: Relationship to the minor ____   Date of birth of the minor ____

| | |
|---|---|
| Name of State Agency against which this claim is filed<br>Cal. Dept. of Corrections | Incident Date<br>Month 5 Day 13 Yr 04 | Dollar Amount of Claim<br>$300,000.00 |
| If the amount exceeds $10,000, indicate type of civil case<br>☐ Limited Civil Case  ☐ Non-Limited Civil Case<br>1989 Federal Code | Explain how the dollar amount claimed was computed:<br>(Attach three copies of the supporting documentation for the amount claimed with this form.) $150,000.00 per person responsible at the the time of the incident. | |

Describe the specific damage or injury incurred as a result of the incident:

1" laceration above right eye brow, broken nose, black eye, Emotional distress and pain and suffering. Blatent violation of my Federal Civil Rights. See Exhibits A, B, C

Location of the incident (If applicable include street address, city or county, highway number, post mile number and direction of travel):

Sierra Conservation Center (SCC II)
5150 O'Byrnes Ferry Road
Jamestown, CA 95327

Preferred Hearing Location (if an appearance is necessary):
☒ Sacramento   ☒ Los Angeles
☐ Oakland   ☐ San Diego

Explain the circumstances that led to the alleged damage or injury. State all facts that support your claim against the State of California, and why you believe the State is responsible for the alleged damage, or injury. If known, provide the name(s) of the State employee(s) who allegedly caused the injury, damage or loss. (If more space is needed, please attach additional sheets.):

On Thursday, 05/13/04, I was transferred from San Quintin State Prison to SCC-III yard. Because of my "custody status" (Closed-B, 15 CCR § 3377.2 (16)(c)(3)(D) ), I am required to be housed in a 2-Man Cell. But for reasons I believe are directly related to my crime, the Warden assigned me to dorm housing in the Gym (Building I-6).

Upon arrival I was immediately by white skin-head inmates to show my "Paperwork". Because I don't have any paperwork, I was threatened to reveal my crime. I told them I was a Child Molester. I immediately reported this incident to the on-duty (continues)

*1 additional attachment

Explanation of Circumstances

## (EXHIBIT - C2)

(Continued) Correctional Officer, who's name I can only assume is C/O Bick (see Exhibit A, "Escorted By") and requested protective custody. He asked why and after I explained the events, he grabbed me by the arm and said to me, "You just couldn't wait to start some "SHIT", could you?"

C/O Bick then immediately escorted me & into the Gym Custody Office and instructed me to "Stand there and don't move!" He then made a phone call.

Inside the office, sitting at a desk was a white Inmate doing paperwork. I can only assume he was the Clerk. C/O Bick did not instruct him to vacate the office, thus witnessed this incident.

Then, for reasons I believe were malicious intent, C/O Bick walked out of the office

GOVERNMENT CLAIM FORM                    CHARLES GORTON
PAGE - 3
Explaination of Circumstances

(Continued) leaving the office door open and
hence leaving me unprotected. It was during
this period of time that Inmate Pina (T-44230),
a white Skin-Head, took this opportunity
to rush inside the Custody office and attacked
me. (See ✕ Exhibit - D).

    I consider the actions of C/O Bick, reckless
with malicious intent and deliberate indifference,
under color of state law.
It was his responsibility to ensure my personal
safety. (15 CCR § 3271) I believe his actions
were motivated by a desire to incourage
"prison justice" because of my committed offence.
    On 05/28/04, I filed a formal complaint
against C/O Bick, whom I identified as the
on-duty C/O. But it was "Screened-Out",
rejected on grounds that I had requested
personal monetary compensation for injuries

(EXHIBIT - C4)

GOVERNMENT CLAIM FORM                    CHARLES GORTON

PAGE - 4

Explanation of Circumstances

(Continued) sustained. ( See Exhibit E & F )

I resubmitted my Complaint and was
issued a CDC-602 Log # - SCC-X-04-00728.
(Exhibit G & Ha, Hb). But to this date it has
never been returned for me to continue the
Appeal Process to exhaust all remedies. Therefore
I have fulfilled the Claim Form requirement
guideline.

Due to the derilication of responsibilities to
ensure my personal safety as outlined above, I
hereby hold responsible the following CDC Personnel:
① The On-Duty C/O who is responsible for my personal
injuries, whom I con only assume is C/O Bick.
② The On-Duty Sergeant at the time of said attack,
③ Lieutenant Espinosa, ④ Captain Fox, ⑤ Chief
Dupty Warden and ⑥ the acting Warden of
SCC. II.

STATE OF CALIFORNIA *(EXHIBIT -A)* DEPARTMENT OF CORRECTIO

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

(EXHIBIT - C5)

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | | DATE |
|---|---|---|---|---|---|
| Scc | 3 Yd | INJURY    ON THE JOB INJURY | | | 1 3 MA |
| | | USE OF FORCE   UNUSUAL OCCURRENCE   PRE AD/SEG ADMISSION | | | |

| | NAME | LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | | Gorton | Charles | T 43446 | 6T- | |
| THIS SECTION FOR STAFF ONLY | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST   MIDDLE | DOB | OCCUPATION | |
| | HOME ADDRESS | | CITY   STATE   ZIP | HOME PHONE | | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| Gym +6+ | 1815 - 6T /Gym | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)* | LITTER | WHEELCHAIR | AGE | RACE | SEX |
|---|---|---|---|---|---|---|---|---|
| 1820 | 1825 | C/o Bick | AMBULATORY   ON SITE | | | | | |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

— I was physically Attacked by another Inmate

— C/o Pain nose (Rt) upper eye

| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | O | 1 |
| Active Bleeding | Y | 2 |
| Broken Bone | O | 3 |
| Bruise/Discolored Area | O | 4 |
| Burn | O | 5 |
| Dislocation | O | 6 |
| Dried Blood | O | 7 |
| Fresh Tattoo | O | 8 |
| Cut/Laceration/Slash | Y | 9 |
| O.C. Spray Area | O | 10 |
| Pain | | 11 |
| Protrusion | O | 12 |
| Puncture | O | 13 |
| Reddened Area | O | 14 |
| Skin Flap | O | 15 |
| Swollen Area | Y | 16 |
| Other | | 17 |
| O psych R/ | | |
| CCC MS | | 18 |
| | | 19 |

#2, 9, 11, 16

| | |
|---|---|
| O.C. SPRAY EXPOSURE? | YES / (NO) |
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / (NO) |
| Refused decontamination? | YES /(NO) |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Ingalls RN | 1840 W. tw |

TIME/DISPOSITION

1840 - Custody - Ingalls RN S

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|
| Ingalls RN   Ingalls A. | O | S. |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC 7219 (Rev. 11/02)   DISTRIBUTION: ORIGINAL - UHR   CANARY - CUSTODY   PINK - HEALTH AND SAFETY/RTW COORDINAT

| DATE | TIME | |
|---|---|---|
| 5-13-04 | | Ⓢ Presents via man coun |
| | | Has Lacuation Ⓡ⊕ supra orbital ridge — |
| | | Ⓞ SPO₂ 99° P· 84 resp 12 — |
| | | T· 99⁴  112/78 — |
| | | Has 3-4 cm Lacuation Ⓡ⊕ supra |
| | | obital ridge — |
| | | Is alert oriented co-operative — |
| | | states he needs to be honest c̄ |
| | | people & is telling about his |
| | | committing offense — |
| | | states CCCMS status S̄ Rx @ presen |
| | | PERLA. |
| | | a) Lacuation of skin — |
| | | CCCMS /Hx — |
| | | p) MD in skin closure — |
| | | Ingaller |
| 5/13/04 | | Ⓢ 46 y.o — |
| | | Hit in face c̄ fist, cut above ⊕ eye |
| | | Ⓡ eye. No loss of Consciousness |
| allergic | | Ⓞ 1" cut above Ⓡ eye. alert |
| codein | | PERLA. Neuro grossly intact |
| | | Ⓐ Laceration Ⓡ lower forehead |
| | | Ⓟ Cleansed, closed c̄ 5 4/0 sutures |
| | | Ⓔ Keeps clean |
| | | dry. |

INSTITUTION  6

HOUSING UNIT  C  SCC

**INTERDISCIPLINARY PROGRESS NOTES**

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Gorton, Charles

T 43441

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 5/13/04 | | | ① Suture removal 6 days |
| | | | ② Tylenol #3 now, repeat Q6° pm |
| | | | X 480 |
| | | | virtue |
| | | | noted  5-13-04   20-20 |
| | | | Ingalls |

ALLERGIES: Codeine    INSTITUTION SCC.    ROOM/WING 6T → 2T

CDC NUMBER, NAME (LAST, FIRST, MI)

Confidential
client information
See W & I Code, Sections 4514 and
5328

Gorton, C
T43446

**PHYSICIAN'S ORDERS**

- 4-30-58

CDC 7221 (2/00)
STATE OF CALIFORNIA    OSP 00 35617    DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

ARNOLD SCHWARZENEGGER, Governor

**VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD**
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
Sacramento, California 95812-3035
Toll Free Number: 1-800-955-0045
Fax Number: (916) 323-5768
Internet: www.boc.cahwnet.gov

KAREN McGAGIN
Executive Officer

FRED AGUIAR
Secretary
State and Consumer Services Agency
Chairperson

STEVE WESTLY
State Controller
State Controller's Office
Board Member

MICHAEL A RAMOS
San Bernardino County District Attorney
Board Member

Charles R Gorton T43446
44750 60th St W
Lancaster, CA 93536.

November 19, 2004

RE:  Claim G550742 for Charles R Gorton, T43446
     Tort claim for Incomplete, Late App. Needed

Dear Charles Gorton,

The Victim Compensation and Government Claims Board (Board ) received your claim on November 03, 2004.

On August 17, 2004, the law was changed to require a $25 filing fee for government claims. The new law affects all claims received on or after August 17, 2004. We cannot take action on your claim, until we receive the $25 filing fee. The $25 fee will be returned to you if your claim is paid.

Please send us a check or money order in the amount of $25 made payable to the State of California. Write your claim number on the check or envelope and send it in the enclosed envelope. If you are unable to pay the filing fee, you can ask for a "Filing Fee Waiver Request". You must complete the request and return it in order for us to consider granting you a filing fee waiver. Call us toll-free at 1-800-955-0045 or visit our web page to get a copy of the form.

In addition to the filing fee, we also need additional information in order to continue working on your claim. Please provide the following information:

Any claim relating to wrongful death, personal injury, personal property damage, or growing crops must be presented within six months of the date of action, which resulted in the claim.

Since your claim was presented to the Board more than six months from the date of incident, it will be returned for not being presented within six months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code. If the claim is not presented within the time allowed by law, no action will be taken.

Your only recourse at this time is to apply without delay to the Victim Compensation and Government Claims Board for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

IMPORTANT NOTICE:
In order for tort claims to be considered complete, the above referenced questions must be answered in writing within six months of the original date of incident (see Government Code Section 901 and 911.2). If you respond later than six months, but prior to one year from the original date of incident, you must apply without delay for leave to present a late claim (Government Code Sections 911.2 through 911.4, inclusive, 946.6). The Board has no jurisdiction over tort claims presented more than one year from the original date of incident.

If you have any questions, please feel free to contact us at (800) 955-0045 or write to the above address. Please indicate your claim number when calling or writing.

<u>(EXHIBIT – C 9)</u>

6 January, 2005


Victim Compensation and Gov. Claims Board
Government Claims Division
P.O. Box 3035
Sacramento, CA  95812-3035

Subj: Late Claim Explanation
Re:   Claim # G550742

Dear Sir/Ma'am:

    The reason for this claim being late is due to the stipulated
requirement to exhaust all possible remedies through the CDC-602
appeals process.  To this date I still have not received any
response from the Second-Level of appeal.  Therefore, in an effort
to satisfy the six month requirement for filing, I submitted said
referenced claim.  Also note that according to Title-15 regulations
CCR §3084.6.(b)(3), the second level response shall be completed within
20 working days, or 30 working days if first level is waived pursuant
to section §3084.5.(a)(3).

    As per your date stamp, Nov. 8, 2004, this claim was received
within the six month requirement.  Notwithstanding, the claim form
provided to me by the Lancaster State Prison legal library, was not
the current claim form and instructions.  Therefore, I was not aware
of the new $25.00 fee.  Hence, your notification of late claim.

    Also, due to the time needed to process the attached Certified
Inmate Trust Account and now having received it, I am able to fully
satisfy all requested documentation to submit this claim.

    Should you require any further documentation, please let me
know.

                    Respectfully submitted,

                    Charles R. Gorton, T43446
                    L.S.P., B5-229
                    44750 - 60th Street West
                    Lancaster, CA  93536

**STATE OF CALIFORNIA**

**DEPARTMENT OF CORRECTIONS**

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| **INMATE/PAROLEE APPEAL FORM** CDC 602 (12/87) | 1. _____ | 1. _____ | 9Lio Worl |
| | 2. _____ | 2. _____ | Assult and Damage 3-16-04 |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| GORTON  C. | T43446 | OSRT – AIA | H2134 |

**A. Describe Problem:** ON 3/16/04 AT APPROX. 1945 hours AN INMATE (WHITE) ATTACKED ME IN AN UNPROVOKED ALTERCATION. THIS INMATE STRUCK ME TWO TIMES ON THE LEFT SIDE SIDE OF MY FACE AND EYE. I WAS WEARING MY PRESCRITION GLASS AT THE TIME OF THE ATTACK. MY GLASS WERE BROKEN AS A RESULT. THIS IS MY REQUEST TO FILE FORMAL ASSULT & BATTERY CHARGES AGAINST THIS INMATE, AND REPAIR OR REPLACEMENT

If you need more space, attach one additional sheet. OF MY EYE GLASSES WITH SAME EQUAL QUAL

**B. Action Requested:** I here by request that on my behalf, CDC forward this complaint for a DA referral filing charges against this inmate. I also request monetary compensation for pain & suffering, as well as repairs for my eye glasses.

**Inmate/Parolee Signature:** Charles G. Gorton          **Date Submitted:** 3/18/04

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED
MAR 1 9 2004
SU4S

| Inmate/Parolee Appeal Rejection Form | C.M.F. Appeals Office | cdc form 695 |
|---|---|---|

To: _GorTon_    _T43446_    _H213u_
   Name                      Number                 Housing

**Your Appeal is Being Rejected for the following reason(s)**

1. ☒ The Action or Decision being appealed is not within the jurisdiction of the department.   _Legal Action of Another Inmate_
2. ☐ You have submitted a duplicate appeal on the same issue.
3. ☐ You are appealing an action not yet taken.
4. ☐ You have not attempted to resolve the problem at the informal level.
    (Obtain an informal response by sending your appeal directly to:)
    ☐ The Property Officer ☐ Your Counselor ☐ Unit Staff ☐ Mail Room Staff
    ☐ Your Prior Institution ☐ Trust Office ☐ The Medical Clinic ☐ Records Analyst
    ☐ Staff Member(s) referred to:
    ☐ Other _____

---

5. ☒ You have not adequately completed the CDC 602 form or attached the proper documents.
    ☐ Attach a copy of the COMPLETED CDC 115 which shows the Hearing Officer's decision.
    ☐ Attach or sign & date a Peace Officer's complaint form.
    ☒ Sign & date your appeal.
    Other: _____ Section B Action requested _____

---

6. ☐ Pursuant to amended CCR 3084.6 (Effective 2-26-97) you have exceeded the 15 working days time limit for submitting/resubmitting an appeal.
7. ☐ Pursuant to amended CCR 3084.1 (Effective 2-26-97) you have not reasonably demonstrated your appeal issue to have adversely affected your welfare.
8. ☐ Abuse of the appeal process: ☐ Excessive filing (no more than one appeal per a seven calendar day. ☐ Inappropriate statements. An appeal containing false information, profanity, or obscene language shall be rejected per CCR 3084.4(b). ☐ Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation per CCR 3084.4(c).
9. ☐ You may not submit an appeal on behalf of another inmate.
10. ☐ Your requested action has been granted at the _____ level and no further action is required.

Instructions: _To file charges on Another inmate is Not within The scope of jurisdiction of the Appeal process._

_M. Cry. CC II_
**Appeals Coordinator**                      Date _3-10-04_

**THIS IS A PERMANENT DOCUMENT
DO NOT REMOVE THIS FORM FROM THIS APPEAL**

(EXHIBIT - E1)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | | 1. _____ | 1. _____ | | _____ |
| | | 2. _____ | 2. _____ | | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| GORTON C. | T43446 | A1A - OSRT | H213U |

A. Describe Problem: This morning during morning chow, I was sitting at a table (4th Row in, 9th Table East). I was in plane view of C/O - Forsythe, who was the attending C/O. One of the ship head inmates, who's name I do not know but is part of the same group of inmates who attacked me on 3/16/04. This inmate was attempting to provoke a fight with me, so I got up and sat at a different table. The inmate followed me and sat at that table again attempting to

If you need more space, attach one additional sheet. provoke a fight. C/O - Fort Forsythe

B. Action Requested: _____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____ ) .

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

T43446

**(EXHIBIT - E2)**

continued - stood near the exit door and witnessed this entire circumstance, but failed to put an end to this harassment.

I changed tables three times in an attempt to avoid a physical altercation with this inmate; but each time this inmate followed me. And in the end took a swing at me, which I was able to duck.

This is the only prison I know of where there is only one or two custody officers to attend as much as 50-100 inmates in the chow hall. Thus Furthermore, I count C/o-Forsyths lack of responsibility to intervein and prevent such occurences as carolo careless and reckless, incouraging an environment of hostility. He has no business wearing that uniform if he is going to look the other direction and allow inmates to jepordize the safety of me and other inmates.

Additionally I count the actions of the warden to allow the chow halls to be supervised by 1 or 2 correctional officers

**(EXHIBIT - E3)**

c/o to gaurd the exit door and 1 c/o to assist in food serving as gross negligence for the supervision of 50+ inmates. And to provide a safe environment for inmate to eat in some peace with safety.

Since my transfer to the main line I have personally witnessed and been a + numerous acts of violence which I could have been prevented if there were was proper supervision and direction by correctional officers. With out this, the chow halls are nothing more than an encouraged war zone.

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE Document 15   Filed 10/07/05   Page 35 of 49
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE          CANARY - WARDEN
BLUE - INMATE (2ND COPY)      PINK - HEALTH CARE MGR
GREEN - ASU                   GOLDENROD - INMATE (1ST COPY)

(EXHIBIT – F1)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| GORTON, C. | T-43446 |

## REASONS FOR PLACEMENT (PART A)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY        ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

**DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:**

On Thursday, March 25, 2004, you are being moved from H-213U to S-308 and placed on Administration Segregation (Ad-Seg) status. Specifically, you were a victim of a battery in the CMF Main Dinning Facility. During an interview of you by Correctional Sergeant G. De Mars, you stated that you were disrespecting the "whites" in the facility. You further stated that after the incident in the Dinning Facility "white" inmates approached you on a number of occasions. On one of these occasions you indicated another unidentified "white" inmate attempted to strike you in the face but hit you in the neck. GORTON is a participant in the MHSDS at the CCCMS Level of Care. GORTON is not a Clark or DPP PARTICIPANT. GORTON'S reading level is above 4.0. The 128-C'S dated 03-25-04, reflect medical and psychiatric clearance for placement in Ad-Seg.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 3/25/04 | J. FOSTER | | LT. |
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
| 3-25-04 | 1151 | G. DEMARS | G. DeMars | SG |
| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | | 3/25/04 | CDC NUMBER T43446 |

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement.*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME ASSIGNED | TITLE CASEWORKER CC II | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

|  |  |  |  |
|---|---|---|---|
| LITERATE? | ☒ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☒ YES ☐ NO |
| PLUENT IN ENGLISH? | ☒ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES ☒ NO |
| ABLE TO COMPREHEND ISSUES? | ☒ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☒ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☒ YES ☒ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES N/A |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES N/A | | |

Any "NO" requires SA assignment        Any "NO" may require IE assignment

☐ NOT ASSIGNED        ☐ NOT ASSIGNED

## INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   ☒ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☒ NO WITNESSES REQUESTED BY INMATE        INMATE SIGNATURE        DATE 3/26/04

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY _____   ☒ RETAIN PENDING ICC REVIEW   ☐ DOUBLE CELL   ☒ SINGLE CELL PENDING ICC

REASON FOR DECISION: Retain pending Unit II investigation, ASU Warranted for safety of I/m & institution.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| L. CARRACA T. | FAC. CAPT. | 3/26/04 | 1630 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

STATE OF CALIFORNIA
California Medical Facility

DEPARTMENT OF CORRECTIONS
CDC 128-G (REV 10/85)

| | | | | | |
|---|---|---|---|---|---|
| **CDC #:** T-43446 | **NAME:** GORTON | | | **HOUSING:** S-308 | |
| **CUSTODY:** MED AR to MAX R | **PS:** 43/III | | | **ASSIGNMENT:** AD/SEG | |
| **COMMENTS:** EPRD 9/09/15 | **CAT:** | CCCMS | | **WG/PG: A1/A to** | D1/D EFF 3/25/04 |

**COMMITTEE ACTION:** INITIAL AD/SEG REV./ANNUAL, REFER TO CSR RETAIN AD/SEG STATUS PEND NON-ADVERSE TX, ENEMY CONCERNS W/WHITE I/M POPULATION, ISOLATED TO CMF AND ICC REVIEW. ESTABLISH CUSTODY TO MAX R, WG/PG D1/D, EFF. 3/25/04 AND ASSIGN SMALL MANAGEMENT YARD. RX UPON TX MED AR, "S" TIME FOR PERIOD 3/25/04 TO REASSINMENT, A1/A EFF. 5/23/02, ADVISED BEHAVIORAL AND PROGRAM EXPECTATIONS WHILE HOUSED IN AD/SEG.

Subject made a personal appearance before Unit III ICC for Initial AD/SEG Review/Annual, acknowledged having received 72 hours notice and is prepared to proceed. Committee notes subject is a participant in the Mental Health Service Delivery System at the CCCMS level of care, therefore Correctional Officer T. Forsythe, was assigned as staff assistant and is present. Committee notes per CDC 128-C's dated 3/25/04, subject was medically and psychiatrically cleared for AD/SEG placement. Committee notes CDC 114D dated 3/25/04, was reviewed and due process rights were observed. Committee also notes CDC 114D order was reviewed, by Captain J. Lizarraga within 24 hours per CCR 3337. Committee notes subject confirms that he did receive copies of all pertinent documents.

On March 25, 2004, subject was placed into AD/SEG, per CDC 114D dated 3/25/04. Specifically you were the victim of a battery in the CMF Main Dining Facility. During an interview by Correctional Sergeant Demars, you stated that you were battered because you were disrespecting the "Whites," in the facility. You further stated that after the incident in the dining facility, "White," inmates approached you on a number of occasions. On one of these occasions you indicated another unidentified "White," inmate attempted to strike you in the face, but hit you in the neck. Based on this information you have been deemed a threat to the safety and security of the institution, therefore you will remain on AD/SEG status pending administrative review.

Subject stated that he is unable to identify the white inmates, of which he discussed with Sgt. Demars. Subject added that he has now learned the prison code of separation between the races, however the lesson has come a bit late, because the whites have it in their heads that I disrespected them by talking to black inmates. Subject requested a transfer to CMC-E with alternate of MCSP. Based on the above noted information, committee notes inmate Verducci, V-07295, has been identified as having struck him in the dining hall and is documented as an enemy. Committee also acts to recommend a non-adverse transfer to an institution in which subject can re-integrate back into the population. Committee acknowledged CDC 128B, authored by Sergeant G. Demars and act to refer the case to CSR recommending a non-adverse transfer. Committee acts to recommend CMC-E/III CCCMS with alternate MCSP/III CCCMS. Committee also recommends upon transfer subject is eligible for MED AR, A1/A eff. 5/23/02. Committee notes subject's AD/SEG placement is non-adverse in nature and act to establish "S" Time for period 3/25/04 to re-assignment.

**Committee Action:** BASED ON THE ABOVE NOTED INFORMATION ICC ACTS TO RETAIN SUBJECT AD/SEG STATUS, REFER THE CASE TO CSR RECOMMENDING AD/SEG 90 DAY AD/SEG EXTENSION PEND NON-ADVERSE TX, ENEMY CONCERNS W/WHITE I/M POPULATION, ISOLATED TO CMF AND ICC REVIEW. ESTABLISH CUSTODY TO MAX R, WG/PG D1/D, EFF. 3/25/04 AND ASSIGN SMALL MANAGEMENT YARD. RX UPON TX MED AR, "S" TIME FOR PERIOD 3/25/04 TO RE-ASSIGNMENT, A1/A EFF. 5/23/02, ADVISED BEHAVIORAL PROGRAM EXPECTATIONS WHILE HOUSED IN AD/SEG.

**Case Factors:** Per CDC 128G dated 5/23/02. CDC 812: Noted for an enemy, reviewed and updated. **Confidential File:** Noted, reviewed and updated. TB Code: 22, per CDC 128C dated 5/02/03.

**DOUBLE/SINGLE CELL REVIEW:** Committee notes that subject meets double cell status based upon review of the Central File, which reflects no in cell violence or predatory behavior, however subject will be single celled while housed in CMF AD/SEG.

**YARD REVIEW:** Committee acts to assign subject to small management yard. Subject was advised of behavioral and program expectations while housed in CMF AD/SEG.

**INMATES PARTICIPATION:** Subject participated during today's committee, understood, and agreed with the committee action. Subject has been advised of his rights to appeal. Subject's next scheduled committee is 6/04.

J. BAUTISTA
CORRECTIONAL COUNSELOR II

S. ORAN
CHIEF DEPUTY WARDEN (A)

**COMMITTEE RECORDER:** J. BAUTISTA, CCII        **CHAIRPERSON:** S. O'RAN, CDW (A)
**COMMITTEE MEMBERS:** J. MENDOZA, FC    G. DEMARS, SGT.    K. CARROLL, SGT.
**CLINICIAN:** R. GARDNER, LCSW   **ACADEMIC:** R. RODDOCKER, TEACHER   **S/A:** T. FORSYTHE, C/O

**DATE:** 4/01/04   **UNIT:** III   **CLASSIFICATION:** Initial Ad Seg/Annual Rev. -ICC   CMF:JB/jb

**(EXHIBIT – G1)**

State of California

Department of Corrections

CDC 128-G

No. T-43446                    **NAME**:  GORTON, C

*Comment*:    **SCC-III endorsed.  CS = 43.**

Requested institutions are not currently available.  Placement is based on the availability of institutional programs and housing per PC 5068.  Inmate requires CCCMS level of MHSDS care.  CDC 128-C of 10-21-03 is noted.  Inmate is NCF per CDC 128-C2 of 2-7-02.  TB Code is 22.  CDC 812 is noted.  Confidential file is noted.

**Retention in ASU is approved pending transfer.  This transfer approval expires 8/18/2004 and will require return to CSR for re-authorization.**

D. Oftedahl, CSR

**Date: 4/20/2004**              **Classification  - CSR ACTION**                **CMF**

4/27/04

TO: Asst. Warden Crawford

FR: I/M Gorton   T-43446   (EXHIBIT - G2)

Subj: Institutional Transfer to SCC. - III
attach: 602   4/22/04

Dear Asst Warden Crawford,

I am writing you to express my sever concerns for my personal safety. You may be aware that my life has been threatened and I have been attacked on three separate occasions from the white skin head gang, because I refused to demand a black Christian brother to leave my table. additionally because, I refuse to defend myself the white man demanded to see my paperwork. They have threaten that no matter where I go they will continue to attack me because, they say, "I disrespected their race."

Since I've been in prison my life has been threatened with grave deadly injury because I refuse to show my paperwork. That was way I was put into ad seg at Centinela and was one of the reasons I decided to end my life. I have dedicated my prison life to ensuring I have treated all inmates with the utmost respect.

I am writing you to express my severe concerns for my personal safety. You may be aware that my life has been threatened, and I have been attacked on three separate occasions from the white skin head gang, because I refused to demand a black Christian brother to leave my table. Additionally, because I refuse to defend myself the white man demanded to see my paperwork. They have threatened that no matter where I go they will continue to attack me because, they say, "I disrespected their race."

Since I've been in prison my life has been threatened with grave deadly injury because I refuse to show my paperwork. That was way I was put into ad-seg at Centinela, and was one of the reasons I decided to end my life.

I have dedicated my prison life to ensuring I have treated all inmates with the utmost respect. It was not my fault that the 60 yr. old black inmate decided to sit at my table in the white area. I did not invite him. I have also dedicated my inmate life to making sure I am a model prisoner with the highest regard & respect for all staff members.

When I was informed I was being transferred to either CMC-E or Mill Creek, I was

felt glad because I know that there is very little
politics at those prisons. I felt like I was
being rewarded for my good behavior and because
I have a huge need to be sent to a sensitive
needs Prison yard.

Asst. Warden Crawford, I met you while
I was at DMH #3. You helped me greatly when
I was there. I am know in need of your help
again.

I am in dire fear for my life and I
feel this change to transfer me to SEC at
James Town will place me in a life threating
situation one that I am not bad.

I am a good inmate and have worked
very hard on my mental issues. I formally
request that my transfer to SEC it be very
all that because of threats by the white guys
and if my cell mate with my daughter, please I
beg for mercy, send me to a sensitive needs
prison, so that I can be able to program.

Also I mention this now because I was
afraid, but I have shared my crime to 2
inmates who I thought were my friends. I needed
someone to talk to, someone I thought I could
trust. The first inmate is Taylor Powell
who lives on the main. The second inmate
Randell (willy) ? who was my cellie in H 213
when I was rolled up on 3/25/04.

My cellie Randell was with me when I was
attacked at the chow hall on 3/18/04. Too I believe

I am a good inmate and I have worked very hard on my mental issues. I formally request that my transfer to see it be easy all that because of threats by the white guys and my sex crime with my daughter, please I beg for mercy, send me to a sensitive needs prison, so that I can be able to program. Also I mention this now because I was afraid, but I have divulged my crime to 2 inmate who I thought were my friends. I needed someone to talk to, someone I thought I could trust. The first inmate is Stephen Pernell who lives in the mess. The second inmate Rondell (willy)? who was my cellie in H215 when I was rolled up on 3/25/04.

My cellie Rondell was with me when I was attacked at the chow hall on 3/16/04. Now I believe that this attack could be related I have been a setup because inmate Rondell quickly got up from the table just before I was attacked.

Please help protect my life.

**(EXHIBIT – H)**

DISTRIBUTION:
WHITE - CENTRAL FILE        CANARY - WARDEN
BLUE - INMATE (2ND COPY)    PINK - HEALTH CARE MGR
GREEN - ASU                 GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | | CDC NUMBER | |
|---|---|---|---|
| GORTON | 2T-208 | T-43446 | |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, May 13, 2004, at about 1815 hours, you Inmate GORTON, T-43446, RRZZ, were battered by Inmate PINA, T-44230, 8T-16U, inside Building #8 custody office. For this reason, you are deemed a threat to the safety and security of this institution. You are being placed into Administrative Segregation, Held Pending Classification Review (HPCR). If it is determined that an enemy situation or a security concern exists, Institution Classification Committee (ICC) may retain you pending transfer to appropriate housing consistent with your case factors and security requirements. Your case will be reviewed by appropriate staff as soon as practical.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)      IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:  /   /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | | TITLE |
|---|---|---|---|---|
| 5/13/04 | D. Espinosa | | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 5-13-04 | 2140 | E. BURNS | | C/O |

| INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | | T43446 |

## ADMINISTRATIVE REVIEW (PART B)

The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

LITERATE? [X] YES [ ] NO     [ ] EVIDENCE COLLECTION BY IE UNNECESSARY      [ ] YES [X] NO

FLUENT IN ENGLISH? [X] YES [ ] NO     [ ] DECLINED ANY INVESTIGATIVE EMPLOYEE      [ ] YES [ ] NO

ABLE TO COMPREHEND ISSUES? [X] YES [ ] NO     [ ] NO ASU PLACEMENT IS FOR DISCIPLINARY REASONS      [ ] YES [ ] NO

FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? [ ] YES [X] NO     [ ] DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED      [ ] YES

DECLINING FIRST STAFF ASSISTANT ASSIGNED? [ ] YES

Any "NO" requires SA assignment      Any "NO" may require IE assignment

[ ] NOT ASSIGNED      [X] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER      [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE      INMATE SIGNATURE      DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY      [ ] RETAIN PENDING ICC REVIEW      [X] DOUBLE CELL      [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE** JUN 2 1 2004   Location: Institution/Parole Region    Log No.           Category
**APPEAL FORM**                   1.  6CC              1. 04-00670       XI
CDC 602 (12/87)  MAY 2 6 2004     2.  _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| GORTON C. | T43446 | AD-SEG   TRANS | |

A. Describe Problem: I have been prescribed to wear custom made leather orthodics, & custom bk made 1/4" lift boots. Both chronos are in my medical file from my ~~Self~~ PODIATRIST. ON 5/21/04 (SCC III, Ad-Seg Sgt has denied my request to allow me to wear these items. NOTE: My leather orthodics are located in my ad-seg property inside my white tennis shoes. But a CMF R&R threw

If you need more space, attach one additional sheet. away my state provided 1/4"

B. Action Requested: I request authorization to wear my orthodics & shoes, even while in AD-SEG. and to replace my state provided 1/4" lift soft sole boots or transfer me immediately to S&Y Prison preferably

Inmate/Parolee Signature: Chs R Gorton            Date Submitted: 5/22/04

C. INFORMAL LEVEL (Date Received: 6-15-04 )

Staff Response: Denied.

Due to safety and security requirements, personal shoes are not authorized in Administrative Segregation. Contact CMF R&R regarding replacement of your personal boots.

Staff Signature: FS Sgt            Date Returned to Inmate: 6-15-04

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

My feet and calves have constant pain from being on my feet & exercising in my cell and walking on the yard. I have had this condition for over 10 years and have been prescribed orthodics & custom boots. It is wrong for me to have to suffer.

Signature: Charles Gorton            Date Submitted: 6/18/04

Note: Property/Funds appeals must be accompanied by a completed                              CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other
JUN 2 1 2004

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _AUG 0 8 2004_

Interviewed by: _R. Kirkland    LT_

_SEE ATTACHED_

Staff Signature: _____    Title: _2 0_    Date Completed: _7-4-04_

Division Head Approved: _____

Signature: _____    Title: _____    Returned    JUL 1 2 2004
Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

AS STATED PREVIOUSLY, DR. STEVERS, AT CMF, RENEWED MY CHRONO FOR MY
'RTHODICS ON 3/25/04. THESE PROSTHETICS WERE PURCHASED FROM MY PODITRIST OUT-
IDE AND SENT TO CMF WHICH I HAVE HAD IN MY POSSESSION SINCE AND UP TO
'EING ADMITTED INTO SCC AD-SEG ON 6/13/04 AND ARE CURRENTLY (Cont)

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _JUL 2 0 2004_    Due Date: _8-16-04_
☒ See Attached Letter

Signature: _Jennison_    Date Completed: _8-13-04_
Warden/Superintendent Signature: _____    Date Returned to Inmate: _SEP 2 0 2004_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)



**(EXHIBIT - 12)**

(PART-A) LIFT, SOFT SOLE BOOT. THEREFORE THE ONLY SHOES AVAILIBLE TO HOLD MY ORTHODICS ARE MY TENNIS SHOES.

I WAS PRESCRIBED PROSTHETIC ORTHODICS 3 YEARS PRIOR TO COMING TO PRISON, BY DR. YOGT, PODIATRIST, RIVERSIDE CA., BECAUSE I SUFFER FROM A MEDICAL CONDITION THAT CAUSES CHRONIC PAIN TO MY FEET AND LEGS, WHEN I AM ON MY FEET. THEREFORE I MUST WEAR ORTHODICS TO PREVENT THIS PAIN AND POSSIBILE FURTHER INJURY. THESE LEATHER ORTHODICS - WERE PURCHASED AND CUSTOM MADE - PRIOR TO MY INCARCERATION AND WERE SHIPPED DIRECTLY TO CMF MEDICAL.

FOR SCC AD-SEG TO WITHHOLD THESE NEEDED MEDICAL PROSTHETICS FROM MY USE, I CONSIDER CRUEL AND UNUSUAL PUNISHMENT, WITH DELIBERATE INDIFFERENCE UNDER COLOR OF STATE LAW, SINCE I SUFFER DAILY FROM CONSTANT PAIN.

(PART-B) CONTINUED: CMC OR LANCASTER, SO I CAN HAVE VISITS FROM MY FAMILY. SINCE SCC IS REFUSING ME THE USE OF MY PROSTHETICS, THIS TRANSFER WILL ENABLE NORMAL PROGRAMMING AND USE OF THEM.

(PART-F) IN MY PROPERTY. BUT LT. KIRKLAND HAS THESE INSINUATED THAT THEY HAVE BEEN CONFISCATED, STATING MY CHRONO HAS EXPIRED ON 6/15/04 AND ALSO STATING, IT IS INCUMBENT UPON YOU TO HAVE SCC MEDICAL EVALUATE THIS NEED, DOCUMENT IT, PRESCRIBE AND POSSIBLY PURCHASE PROSTHETICS RELEVANT TO YOUR NEEDS."

IF LT. KIRKLAND, BY DIRECTION OF ASSOCIATE WARDEN F.X. CHAVEZ, HAS ORDERED THE CONFISCATION OF MY ORTHODICS, I WILL CONSIDER THIS ACTION AS

(EXHIBIT - I3)

CRUEL AND RECKLESS, WITH DELIBERATE INDIFFERENCE
UNDER ~~STATE OF~~ COLOR OF STATE LAW, AND WILL HOLD THEM
RESPONSIBLE FOR THIER REPLACEMENT.

  ALSO, ON 3/25/04, DR. STEAVERS, CMF, DID
RENEW BOTH CHRONOS FOR THE USE OF ORTHODICS
AND CUSTOM MADE STATE BOOTS. I WATCHED HIM
DOCUMENT THIS IN MY MEDICAL RECORDS AND THEN
PHONE ORDER THE CHRONO HARD COPY.

  ON, 7/2/04, DR. WITWER, SCC-MEDICAL, EVALUATED
MY NEED FOR ORTHODICS. DR. WITWER WAS THEN
INSTRUCTED BY SCC/AD-SEG C/O; THAT ORTHODICS WERE
NOT ALLOWED. DR. WITWER THEN PRESCRIBED INSTEP
CUSHIONS AS AN ALTERNATIVE.

  ON, 7/3/04, I WAS INFORMED BY THE AM-MTA
THAT AD-SEG CUSTODY REFUSED ISSUANCE OF THESE ALSO.
THEREFORE, I HAVE TAKEN IT UPON MYSELF TO MAKE
EVERY POSSIBLE EFFORT, SINCE 5/21/04, TO OBTAIN
PROPER AUTHORIZATION TO USE MY PROSTHETICS, AS
DIRECTED BY LT. KIRKLAND. BUT STILL, SCC AD-SEG,
LT. KIRKLAND & A/W CHAVEZ HAVE DELIBERATELY
IGNORED MY MEDICAL NEED. I STILL CONSIDER
THESE ACTIONS AS CRUEL AND UNUSUAL PUNISHMENT,
CONSIDERING THE FACT THAT I'VE BEEN PLACED
IN AD-SEG UNDER NON-ADVERSE REASONS.

State of California                                    Department of Corrections

# Memorandum

**(EXHIBIT – I4)**

**Date:**    July 4, 2004

**To:**    C. GORTON
Inmate
T43446
2T121

**From:**    Sierra Conservation Center, Jamestown, CA 95327

**Subject: SCC APPEAL LOG #SCC-04-00670 FIRST LEVEL**

### APPEAL DECISION:    DENIED.

**APPEAL ISSUE:**    You contend that prior to your arrival California Medical Facility (CMF) retained your state issued ¼" lift soft sole boots. You further assert that you have prescription orthodics in your personal property and are requesting they be issued along with your personal tennis shoes. You said that you pace your cell and perform exercise in the cell and this causes pain to your feet. You are requesting to have your orthodics and tennis shoes issued to you in the ASU, the replacement of the state issued soft boot with ¼" lift, and immediate transfer to a Special Needs Prison (SNY).

**APPEAL RESPONSE:**    On Sunday July 4, 2004, I interviewed you regarding these matters. I explained that the Institutional Classification Committee has addressed your request for a SNY. If you have medically necessary needs that must be adhered to while you are in the ASU, then it is incumbent upon you to have SCC medical evaluate this need, document it, prescribe and possibly purchase prosthetics relevant to your needs. Medical checked your file and there is no current or updated authorization for special medical needs.

Based the lack of medical authorization your appeal is denied. A copy of this appeal will be provided to the medical department.

If you are dissatisfied with this decision, you may appeal to the next level by following the instructions on your appeal form.

R. L. KIRKLAND
Correctional Lieutenant
Administrative Segregation

F. X. CHAVEZ
Associate Warden
Tuolumne Division

cc:    Central File
Appeals File

State of California

**M e m o r a n d u m**

**(EXHIBIT - I5)**

**Date:**   **September 17, 2004**

**To    :**   **Inmate Gorton**
T-43446
Lancaster

**From :**   **Sierra Conservation Center, Jamestown, CA 95327**

**Subject :**   **SCC APPEAL LOG #SCC-X-04-00670**
SECOND LEVEL RESPONSE

APPEAL DECISION: **Partially granted.**

APPEAL ISSUE:   You are appealing administrative segregation's refusal to issue personal tennis shoes and orthodics to you while housed in ASU. You are also requesting an immediate transfer to a Special Needs Yard.

APPEAL RESPONSE: Your appeal and attachments have been reviewed. R. Kirkland, Correctional Lieutenant, interviewed you on July 4, 2004 regarding this appeal.

You were informed at the informal and first level responses that these items are not allowed while housed in ASU. Operational Procedures #002 and #017 are very specific regarding allowable items during incarceration in Administrative Segregation. During the investigation of this appeal, you were transferred to Lancaster SNY. Medical staff at Lancaster will be notified of your request for special shoes and they will make the determination of your needs.

Inmate Gorton is not on the TABE 4.0 or Learning Disability Lists.

Therefore, based on the above information, your appeal is **partially granted** at the second level. This is based on your transfer to a Special Needs Yard.

If you are dissatisfied with this decision, you may apply to the Third Level by following the instructions on the back of your appeal form.

**S. W. ORNOSKI**
Chief Deputy Warden

cc: Appeals File
    Central File
    Lancaster Medical

## PROOF OF SERVICE BY MAIL
### [C. C. P. 1013. 2015. ;28 U. S. C. 1746]

**STATE OF CALIFORNIA** )

 )    **SS:** CV F-05-0354 REC DLB P

**COUNTY OF LOS ANGELES** )

I  (A) Charles R. Gorton _____, am a resident of California State Prison-Los Angeles County (LAC) at Lancaster, County of Los Angeles, California, and I am at least 18 years of age. My mailing address is California State Prison-Los Angeles County, Facility  B , Bldg. 5 , Bed 144 , P. O. Box 8457 , Lancaster, California 93539.

On (B) October 2, 2005 , 20__, I served a true and correct copy of the following document (s);

(C) ___Amended Complaint_____

_____Motion for Discovery_____

On each party listed below by placing it in an envelope, with adequate postage or provided, and by depositing said envelope in a box for the United States Mail at LAC, 44750 60th Street West Lancaster, California 93536.

Each party to the action has been duly served.

This copy is being mailed to (D):     Office of the Clerk
                        United States District Court
                        Eastern District of California
                        1130 "O" Street, Room 5000
I have mailed additional copies to (D): Fresno, CA 93721

There is regular delivery service by the United States Mail between the above place of mailing and the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated (E): October 2, 2005 _____ ,20___ , at Lancaster, California 93536.

Signed: _____ CDC#: T-43446

LAC MAILROOM ACKNOWLEDGEMENT OF MAILING
DATED: 10 / 2 / 05
SIGNED: _____