| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | EASTERN DISTRICT OF CALIFORNIA |
| CHARLES ROBERT GORTON,<br><br>            Plaintiff,<br><br>    v.<br><br>BICK,<br><br>            Defendant.<br>_____ / | CASE NO. 1:05-CV-00354-LJO-DLB PC<br><br>ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND DIRECTING CLERK OF COURT TO FILE AMENDED COMPLAINT LODGED NOVEMBER 26, 2008<br><br>(Docs. 51, 52, and 69.)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT BICK BE DISMISSED FROM ACTION, WITH PREJUDICE, PURSUANT TO F.R.C.P.41(a)(2)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT BICK'S MOTION FOR SUMMARY JUDGMENT BE DISREGARDED AS MOOT<br><br>(Doc. 58) |

**I.    Procedural History**

Plaintiff Charles Robert Gorton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed October 7, 2005, against defendant Bick ("Defendant") for failure to protect Plaintiff from serious harm in violation of the Eighth Amendment. (Doc. 18.) On September 17, 2008 and September 23, 2008, Plaintiff filed motions to amend his complaint to name

///

///

1

Officers Miller, Swanson and Duckworth as defendants in this action.[1] Defendant Bick filed an opposition to the motions as well as a motion for summary judgment on October 27, 2008. (Docs. 58, 59). Plaintiff did not file an opposition to the motion for summary judgment. However, Plaintiff has filed a reply to the motions to amend his complaint, and also a document wherein Plaintiff proposes to remove all reference to defendant Bick, and to name Correctional Officer Miller as the sole defendant in this action.[2] (Docs. 65, 67). Plaintiff has also submitted a proposed amended complaint, lodged November 16, 2008. (Doc. 69). These motions are deemed submitted.

## II.  Motion to Amend Pleadings

Plaintiff filed two motions to amend his complaint on September 17 and 23, 2008. (Docs. 51, 52.). In his motions, Plaintiff states that he was unsure of the identity of the correctional staff member involved in the alleged incident at the time he filed this action. Plaintiff identified and named Bick as the defendant in this action, and states that he attempted to confirm Bick's involvement in the incident through discovery, which Plaintiff states was unsuccessful. At the time of filing his motions to amend, pending before the Court was Plaintiff's motion to compel, motion for the issuance of a subpoena duces tecum, and motion to extend the deadlines set forth in the Court's Discovery Order and Scheduling Order. (Docs. 45, 49.). On October 6, 2008, the Court issued an order granting in part and denying in part Plaintiff's motion to compel, denying Plaintiff's motion for a subpoena duces tecum, and modifying the amended pleadings and discovery deadlines. (Doc. 55.). The Court also issued an order directing Defendant to respond to Plaintiff's motions to amend. (Doc. 56.).

On October 27, 2008, Defendant Bick filed an opposition to Plaintiff's motions to amend and also a motion for summary judgment. (Docs. 58, 59.). In his opposition, Defendant argues that amendment would be futile and Plaintiff's motions should be denied. Defendant argues that Officer Miller did not fail to protect Plaintiff from harm and also that Officer Miller is protected by qualified

---

[1] The Court deems Plaintiff's motions timely.

[2] Because Plaintiff abandons his request to name Officers Duckworth and Swanson as defendants, the Court will only address Plaintiff's motion to amend his complaint to name Officer Miller as the sole defendant and to dismiss Defendant Bick from this action.

immunity. Defendant has submitted declarations from Officers Miller and Duckworth, both of whom were apparently on duty on the floor when Plaintiff was attacked, a declaration from Officer Swanson, who was assigned to the gun tower during the incident, as well as portions of Plaintiff's deposition transcript in support of his position that Plaintiff cannot show that Officer Miller acted with deliberate indifference and to assert that Officer Miller is protected by qualified immunity. (Doc. 59, Exhs. A-D.).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

A claim is considered futile and leave to amend shall not be given if there is no set of facts that can be proved under the amendment that would constitute a valid claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). However, denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. *See* Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D.Cal. 2003) (citing Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial at 8:422 (The Rutter Group, 2002)).

The Court has reviewed Plaintiff's lodged amended complaint and cannot find that Plaintiff fails to state a claim upon which relief may be granted against Officer Miller for violation of the Eighth Amendment. 28 U.S.C. 1915(A). Further, the court cannot find that there are no sets of facts that can be proved under the lodged amended complaint that would constitute a valid claim. Plaintiff

has not yet had the benefit of conducting discovery upon Officer Miller, whereas defendant Bick has had an opportunity to contact him in defending this action and opposing these motions to amend. The Court makes no determination as to whether Plaintiff will be able to show that Officer Miller acted with deliberate indifference or whether Officer Miller is entitled to qualified immunity; these determinations that are more appropriately made in a motion for summary judgment or at trial.

Accordingly, Plaintiff's motion to amend his complaint is granted. The operative complaint in this action is the amended complaint, lodged November 26, 2008.

### III. Defendant Bick's Motion for Summary Judgment

In light of the fact that Plaintiff proposes that this action proceed solely against Correctional Officer Miller, the Court construes Plaintiff's proposal as a motion to voluntarily dismiss defendant Bick from this action. (Doc. 67). At this juncture, this action may not be dismissed by Plaintiff without order of the court. Fed. R. Civ. Pro 41(a)(1). Based on Plaintiff's request for dismissal with prejudice, the court deems it proper to order this action dismissed, with prejudice, against defendant Bick. Fed. R. Civ. Pro. 41(a)(2).

Accordingly, the Court HEREBY RECOMMENDS that defendant Bick be dismissed from this action, with prejudice, and that defendant's motion for summary judgment, filed October 27, 2008, be disregarded as moot.

### IV. Order and Recommendations

Based on the foregoing, Plaintiff's motion to amend his complaint is HEREBY GRANTED. The operative complaint in this action is the amended complaint, lodged November 26, 2008. The Clerk of the Court is HEREBY DIRECTED to file the lodged complaint.

Further, the Court HEREBY RECOMMENDS that defendant Bick be dismissed from this action, with prejudice, pursuant to Fed. R. Civ. Pro. 41(a)(2). The Court further RECOMMENDS that Defendant Bick's motion for summary judgment, filed October 27, 2008, be disregarded as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:   February 24, 2009**                             /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE