UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GORTON, | CASE NO. 1:05-CV-00354-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| BICK, et al., | (DOC. 86) |
| Defendants. | |

Plaintiff Charles Gorton ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendant Miller for failure to protect in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed February 8, 2010.[1] (Pl.'s Mot. Compel, Doc. 86.) Defendant filed his opposition on February 25, 2010. (Def.'s Opp'n, Doc. 87.) No reply was filed. The matter is submitted pursuant to Local Rule 230(l).

I. **Motion To Compel**

Plaintiff submits a motion to compel further response from Defendant to seventeen requests for production of documents. The Court addresses each in turn.

---

[1] The Court's Order of October 28, 2009 granted Plaintiff's request to modify the discovery and scheduling order. (Doc. 84.) The Court granted a deadline of December 21, 2009 for Plaintiff to serve his Requests For Production of Documents (Set One) and Request for Admissions (Set One), and to serve and file any follow-up motions to compel. The Court did not specify when a motion to compel was due. Because Plaintiff filed the motion to compel by February 8, 2010, the Court will construe it as timely.

1

A.     **Request For Production No. 1**

Pl.'s Request:     A copy of Defendant P. G. Miller's employment disciplinary record from the Human Resources Department of the California State Department of Corrections and Rehabilitation. This record shall include any and all disciplinary actions or warnings, Citizen's complaints, Staff complaints, Inmate Complaints, as well as any and all Inmate Appeal CDC-602 actions against or referring to, Officer Miller during his entire time of employment as a CDC Correctional Officer. These records are critical evidence to demonstrate the defendant's moral character and conduct as a citizen of the United States of America.

Def.'s Response:   Defendant objects to this request because it is overbroad, burdensome, vague, ambiguous, and confusing as to "employment disciplinary record," and "any and all disciplinary actions or warnings, Citizen's complaints, Staff complaints, Inmate Complaints, as well as any and all Inmate Appeal CDC-602 actions against or referring to." Defendants further object that the request is irrelevant, because it is not calculated to lead to the discovery of admissible evidence, and seeks inadmissible character evidence. And Defendants object that Plaintiff's request calls for information protected by privacy rights of staff and inmates guaranteed by the United States Constitution, the California Constitution, and the applicable statutes, such as Penal Code § 832.7 and 6126.3, Government Code § 6254, Evidence Code section 1043.

Plaintiff amended his request to pertain to only Defendant Miller's conduct towards inmate sex offenders. (Pl.'s Mot. Compel 3:14-28.) Defendant objects that it is vague and ambiguous as to what "disciplinary actions or warnings" pertain to this action. (Def.'s Opp'n 4:5-8.) The Court overrules Defendant's objection of vague or ambiguous, as Plaintiff is requesting a record of any disciplinary actions taken against Defendant for his conduct towards inmate sex offenders, within the 8 years preceding the date of the events alleged in this action. This action is proceeding against Defendant Miller for failure to protect Plaintiff, who is a sex offender. (Pl.'s Second Am. Compl. 6-8.)

Defendant objects that the request is overbroad because Plaintiff request documents that relate to events that are not relevant to this action. (Def.'s Opp'n 4:8-9.) This objection is without merit. The scope of discovery permits discovery if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff contends that the discovery of these documents may go towards Defendant's motive in failing to protect him from harm. (Pl.'s Mot. Compel 4:10-14.) Defendant contends that Plaintiff has failed to lay the foundation for this material, and that Plaintiff's request is an improper fishing expedition.

2

(Def.'s Opp'n 4:9-13.)  Foundation goes towards the admissibility of evidence, which is not a limitation in discovery.  Fed. R. Civ. P. 26(b)(1) (relevant information in discovery need not be admissible); *United States v. City of Torrance*, 163 F.R.D. 590, 592 (C.D. Cal. 1995).

Defendant finally contends that the documents are subject to federal common law privilege of privacy.  Federal law regarding privilege applies to federal question cases.  Fed. R. Evid. 501; *see United States v. Zolin*, 491 U.S. 554, 562 (1989).  State law may provide guidance, but it is not the law of the circuit.  *Green v. Baca*, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005).  Federal common law recognizes a qualified privilege for official information, including government personnel files.  *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).  In determining whether information sought is privileged, the Court must weigh the potential benefits of disclosure against the potential disadvantages to the party asserting the privilege.  *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).

Defendant further contends that there are no documents responsive to this request. (Def.'s Opp'n 6:14-16.)  It would be difficult to weigh the benefits of disclosure against potential disadvantages if the documents do not exist.  Defendant, however, did not actually respond to Plaintiff's discovery request by stating that the documents do not exist.  The Court thus declines to address Defendant's privilege objection at this time.  Plaintiff's motion to compel further response to Request For Production No. 1 is granted.  Defendant is ordered to file further response to Plaintiff's Request For Production No. 1, within thirty days from the date of service of this order.  If, after a reasonable inquiry, these documents do not exist, Defendant should so respond.

### B.   Request For Production No. 2

Pl.'s Request:   P.G. Miller's criminal record, to include, but not limited to, Misdemeanors, Felonies, and DMV records. These records are critical evidence to prove Officer Millers personal and professional moral character and conduct as a citizen of the United States.

Def.'s Response:   Defendant objects to this request because it is overbroad, burdensome, vague, ambiguous, and confusing as to "P.G. Miller's criminal record, to include, but not limited to, Misdemeanors, Felonies, and DMV records."

>Defendants further object that the request is irrelevant, because it is not calculated to lead to the discovery of admissible evidence. And Defendants object that Plaintiff's request calls for information protected by privacy rights of staff and inmates guaranteed by the United States Constitution, the California Constitution, and the applicable statutes, such as Penal Code § 832.7 and 6126.3, Government Code § 6254, Evidence Code section 1043.

Plaintiff amended his request to refer to Defendant's actions against sex-offender inmates. (Pl.'s Mot. Compel 5:14-18.)

Defendant's objections as to vagueness and ambiguity are overruled. Plaintiff seeks a copy of Defendant's "police record," which the Court interprets as a record of any criminal actions by Defendant. Defendant's objection as to foundation is overruled as stated above.

Defendant contends that he has not been convicted of any felony or misdemeanor concerning any actions against sex-offenders, and that no such records exist. (Opp'n 9:24-28.) Defendant, however, did not actually respond to Plaintiff's discovery request by stating that the records do not exist. The Court thus declines to address Defendant's privilege objection at this time. Plaintiff's motion to compel further response to Request For Production No. 2 is granted. Defendant is ordered to file further response to Plaintiff's Request For Production No. 2, within thirty days from the date of service of this order. If, after a reasonable inquiry, these documents do not exist, Defendant should so respond.

### C. Request For Production No. 3

Pl.'s Request: Officer Miller's entire Written Report concerning Inmate Pina's conversation with Officer Miller, as referenced to in Officer Miller's Interrogatory Response No. 17.

Def.'s Response: Defendant objects to Plaintiff's request as it is vague and ambiguous as to "Officer Miller's entire Written Report concerning Inmate Pina's conversation with Officer Miller, as referenced to in Officer Miller's Interrogatory Response No. 17." Without waiving objections, Defendant cannot produce this document as this document does not exist.

Defendant responded by stating that the document does not exist. The Court cannot compel the production of non-existent documents. Plaintiff argues that a lack of response indicates "an over-familiarity relationship with Inmate Pina." (Pl.'s Mot. Compel 6:20-22.) This argument is unsupported. Absent a showing by Plaintiff that such a document does exist, Plaintiff's motion to compel further response to Request For Production No. 3 is denied.

**D.     Request For Production No. 4**

Pl.'s Request:     Provide the names and addresses of witnesses to the extent known to Defendant Miller, including, but not limited to, those intended to be called to testify at the trial of this action.

Def.'s Response:     Defendant objects to Plaintiff's request because it is overbroad, vague, and ambiguous as to "names and addresses of witnesses to the extent known to Defendant Miller." Defendant further objects that the request seeks information protected by attorney-client privilege and is attorney work product. Moreover, Plaintiff's request is an interrogatory and not a request for production of documents. Without waiving objections, Defendant does not know the names and addresses of any "witnesses" nor know of the existence of a document that lists them.

Plaintiff contends that his requests are not ambiguous - the names and addresses of witnesses intended to be called to testify at trial. (Pl.'s Mot. Compel 7:16-22.) Defendant contends Plaintiff is unclear as to the use of "known" in the request. (Def.'s Opp'n 12:11-13.) Defendant further contends that the disclosure of potential witnesses is attorney-client privilege and work product, and will not be disclosed until ordered by the Court in the pretrial statement. (Def.'s Opp'n 12:13-15, 20-22.)[2]

The Court sustains Defendant's objection that Plaintiff seeks work product. The witnesses who may testify at trial are part of Defendant's defense strategy, and do not need to be disclosed at this time. *See* Fed. R. Civ. P. 26(b)(3) (party may not generally discover documents that are prepared in anticipation of trial). Plaintiff fails to demonstrate substantial need and undue hardship to obtain this information. However, Plaintiff is entitled to the identity of of all witnesses to the events described in the complaint, regardless of whether they will be called as witnesses, who are know to defendant. Plaintiff's motion for further response to Request For Production No. 4 is granted in part.

**E.     Request For Production No. 5**

Pl.'s Request:     Statements of witnesses then proposed to be called by defendant miller and of other persons having personal knowledge of the acts, omissions or events which are the basis for defense concerning this action.

---

[2] Plaintiff's citation to Federal Rule of Civil Procedure 26(a)(1)(A), requiring initial disclosure of each individual and document likely to be used in support of one's claims or defense, is unavailing. As correctly argued by Defendant, Plaintiff is proceeding pro se and in the custody of the CDCR, thus rendering this action exempt from initial disclosure requirements. Fed. R. Civ. P. 26(a)(B)(iv).

5

Def.'s Response:   Defendant objects to Plaintiff's request because it is overbroad, vague, and ambiguous as to "statements of witnesses then proposed to be called by Defendant Miller and of other persons having personal knowledge of the acts, omissions or events which are the basis for defense concerning this action." Defendant further objects that the request seeks information protected by attorney-client privilege and is a request for attorney work product. Moreover, a list of proposed witnesses will be disclosed in Defendant's pretrial statement and is premature.

Plaintiff contends that "statements of witnesses" is not vague or ambiguous, as it is clear Plaintiff is requesting statements from witnesses to be called by Defendant which are the basis of defense in this action. (Pl.'s Mot. Compel 9:6-12.) Defendant contends that it is unclear what Plaintiff means by "proposed to be called" and "of other persons having personal knowledge of the acts, omissions or events which are basis for defense concerning this action." (Def.'s Opp'n 14:7-12.) Plaintiff appears to be seeking initial disclosure, which is exempt in this action and not ordered by the Court.

Defendant also contends that the information is protected under work product and attorney-client privilege. Plaintiff requests those statements that would be the basis of the defense. The Court finds that Plaintiff is seeking work product, and has failed to make a showing of substantial need and undue hardship.[3] Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiff's motion to compel further response to Request For Production No. 5 is denied.

### F.   Request For Production No. 6

Pl.'s Request:   All writings, including, but not limited to, reports of mental, physical, and things which Defendant Miller now proposes to offer in evidence.

Def.'s Response:   Defendant objects to Plaintiff's request because it is overbroad, vague, and ambiguous as to "statements of witnesses then proposed to be called by Defendant Miller and of other persons having personal knowledge of the acts, omissions or events which are the basis for defense concerning this action." Defendant further objects that the request seeks information protected by attorney-client privilege and is a request for attorney work product. Without waiving objections, Defendant will submit his proposed exhibits to the Court and Plaintiff when directed to do so by the Court, or in their pretrial statement, whichever occurs first.

---

[3] Plaintiff's citation to *Hickman v. Taylor*, 329 U.S. 495 (1947), is unavailing. *Hickman* first stated the work-product doctrine, which was codified as Federal Rule of Civil Procedure 26(b)(3). Plaintiff contends that statements obtained by defendant's counsel from third parties are not protected by attorney-client privilege. While such statements may not fall under attorney-client privilege, they may very well be attorney work product. Plaintiff fails to address the work-product doctrine.

6

Plaintiff amends his request to exclude mental impressions, legal conclusions, opinions, or legal theories of Defendant's attorney. (Pl.'s Mot. Compel 11:2-5.) Defendant maintains his arguments that it is overbroad, vague, and ambiguous as to what "writing" Defendant Miller "proposes" to "now" offer into evidence. (Def.'s Opp'n 15:28-16:5.) Defendant also contends that this information is protected under attorney-client privilege and attorney work product. (*Id.* at 16:6-8.)

The Court sustains Defendant's objection as to vagueness and ambiguity. Defendant Miller has not indicated the submission of any evidence at this time, thus Plaintiff's reference to offers of evidence is unclear. Assuming that Plaintiff refers to proposed list of exhibits, that is attorney work product and need not be disclosed at this time, as Plaintiff fails to make a showing that he has substantial need and would face undue hardship in attempting to obtain the information. Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiff's motion to compel further response to Request For Production No. 6 is denied.

### G. Request For Production No. 7

Pl.'s Request: Any other writing or thing with is relevant and which would be admissible in evidence, including but not limited to, reports pertaining to the persons named in the pleading.

Def.'s Response: Defendant objects to Plaintiff's request because it is overbroad, vague, and ambiguous as to "Any other writing or thing with is relevant and which would be admissible in evidence, including but not limited to, reports pertaining to the persons named in the pleading." Defendant further objects that the request seeks information protected by attorney-client privilege and is a request for attorney work product. Without waiving objections, Defendant will submit his proposed exhibits to the Court and Plaintiff when directed to do so by the Court, or in their pretrial statement, whichever occurs first.

Defendant's objections are sustained as to overbroad, vagueness, and ambiguity, as it is unclear what writings Plaintiff refers to. Defendant's objection is also sustained as to attorney work product, as stated above for Request For Production No. 6. Plaintiff's motion to compel further response to Request For Production No. 7 is denied.

### H. Request For Production No. 8

Pl.'s Request: Investigative reports made by or on behalf of Defendant Miller pertaining to the subject matter of the proceeding, to the extent that such reports (1)

7

|   |   |   |
|---|---|---|
| | | contain the names and addresses of witnesses or of persons having personal knowledge of the acts, omissions, or events which are the basis or the proceeding, or (2) reflect matters perceived by the investigator in the course of his investigation, or (3) contain or include by attachment any statement or writing described in these requests; inclusive, or summary thereof. |
| | Def.'s Response: | Defendant objects to this request as it is overbroad, compound, burdensome, vague, and ambiguous as to "investigative reports," and "matters perceived." Defendants further object that the request is irrelevant, because it is not calculated to lead to the discovery of admissible evidence. And Defendants object that Plaintiff's request calls for information protected by privacy rights of staff and inmates guaranteed by the United States Constitution, the California Constitution, and the applicable statutes, such as Penal Code § 832.7 and 6126.3, Government Code § 6254, Evidence Code section 1043, and may implicate security concerns. Without waiving objections, no such reports exist. |

Plaintiff amends his request to exclude all attorney work product which reveals mental impressions, conclusions, opinions, or legal theories. (Pl.'s Mot. Compel 14:13-16.) Defendant contends that it is vague and ambiguous as what investigative reports Plaintiff refers to. (Def.'s Opp'n 20:19-20.) The Court overrules Defendant's objection as to vagueness here. The investigative reports Plaintiff seeks are presumably related to the incident relating to this action, when Plaintiff was attacked.

Defendant's objections as to relevancy are denied, as stated regarding Request For Production No. 1. The Court declines to rule on Defendant's objection regarding privacy. Defendant responded by stating that no report exists. Defendant contends that Plaintiff was provided with (1) a copy of SCC 05-04-T-047, the CDC 115 Rules Violation Report that was prepared concerning the incident, and (2) a copy of the CDC 128-B general chrono detailing an interview taken by Sergeant Davis while Plaintiff was receiving medical treatment. (Def.'s Opp'n 22:12-17.) Defense counsel contends that he made a reasonable inquiry with the Sierra Conservation Center ("SCC") litigation office, where the events giving rise to this action occurred, and no additional reports exist. (*Id.* at 22:17-19.) The Court cannot order Defendant to produce documents that do not exist. Absent a showing that other documents do exist, the Court denies Plaintiff's motion to compel further response to Request For Production No. 8.

///

**I.     Request For Production No. 9**

Pl.'s Request:     A copy of the deposition transcript, which was taken on September 24, 2008.

Def.'s Response:   Defendant cannot provide the deposition transcript because it is owned by the reporting service. Plaintiff may purchase a copy of the deposition transcript from Alexander Gallo Holdings, LLC, 2151 River Plaza Drive, Suite 300, Sacramento, CA 95833.

Plaintiff contends that he is indigent, and that Defendant is in possession of the deposition and should provide Plaintiff with a copy. (Pl.'s Mot. Compel 16:8-13.) Defendant contends that he does not have a copy, and has provided Plaintiff with the address of the court reporter to request a copy. (Def.'s Opp'n 23:10-12.)

There is no requirement that Defendant send Plaintiff with a copy of the deposition. The Federal Rules of Civil Procedure provide that a copy may be purchased from the court officer who took the deposition. Fed. R. Civ. P. 30(f)(3). Plaintiff's motion to compel further response to Request For Production No. 9 is denied.

**J.     Request For. Production No. 10**

Pl.'s Request:     The Toulume Gym (Building #T6), 3rd Watch, Duty Officer's Daily activity Log-book page entries for May 13, 2004. This date is the date of the incident for the above referenced complaint. This record is mandated by the State of California's Code of Regulations (CCR) §51060 and is critical evident to be used at trial.

Def.'s Response:   Defendant objects to this request as it is overbroad, vague, and ambiguous as to "3rd Watch, Duty Officer's Daily activity Log-book page entries for May 13, 2004." Without waiving objections, Defendant does not have possession, custody, or control of this document. SCC retention policy requires that the log books be retained for one year, and Plaintiff is requesting a document from outside that period.

Defendant's objection as to overbroad, vague, and ambiguous is overruled. Plaintiff refers to the log book for the building on the day of the attack.

Defendant contends that SCC retention policy requires that the log books be retained for one year. Defendant argues that defense counsel contacted the SCC litigation office, who informed counsel that the document had been destroyed. (Def.'s Opp'n 24:19-24.) Defendant did not actually respond to Plaintiff's request with a response from the SCC litigation office attesting to this. Accordingly, Plaintiff's motion to compel further response to Request For

9

Production No. 10 is granted.  Defendant is to furnish further response within thirty days from the date of service of this order.

### K.     Request For Production No. 11

Pl.'s Request:     An 8" x 10" color photograph of Officer P.G. Miller, I/D# 2566, during the approximate date he was assigned for duty at Sierra Conservation Center as referenced in this complaint. This photo is required to properly identify the defendant and is critical evidence to be used for trial.

Def.'s Response:   Defendant objects to this request as it is vague and ambiguous as to "the approximate date he was assigned for duty at Sierra Conservation Center as referenced in this complaint." Without waiving objections, no such photograph exists.

Plaintiff contends that an official photograph from Defendant's CDCR identification card exists.  (Pl.'s Mot. Compel 18:13-16.)  Defendant contends that he does not possess such a photograph and that there is no need for the photograph, because Plaintiff can identify Defendant at trial.  (Def.'s Opp'n 25:22-24.)

Plaintiff does not need the photograph to identify Defendant at trial.  Defendant admits in his answer that he was present at SCC on the day at issue in this action.  (Def.'s Answer 2:10-3:14.)  Further identification can be done by Plaintiff at trial.  Plaintiff's motion to compel further response to Request For Production No. 11 is denied.

### L.     Request For Production No. 12

Pl.'s Request:     The Inmate Worker Supervisor's Time Log, form# CDCR-1697, for the 3rd-Watch Gym Clerk for the month of May, 2004. This document is required to identify the inmate who was present in the office during the above referenced complaint and is therefore a viable witness of the incident on May 13, 2004.

Def.'s Response:   Defendant objects to this request as it is overbroad, vague, and ambiguous as to "Inmate Worker Supervisor's Time Log, form# CDCR-1697, for the 3rd-Watch Gym Clerk for the month of May, 2004." And Defendants object that Plaintiff's request may implicate security concerns. Without waiving objections, Defendant is not in possession, custody, or control of this document.  SCC retention policy requires that inmate time sheets be retained for three years, and Plaintiff is requesting documents outside that period.

Defendant's objection of overbroad, vague, and ambiguous is sustained as to overbreadth. It is unclear why Plaintiff requests information as to the whole month of May, when

10

the incident in question occurred on a specific date.  Thus, the Court will limit the scope of the request to the date of May 13, 2004. Defendant's objection as to vagueness and ambiguity is denied.  Defendant does know what document Plaintiff refers to in his request.

Defendant also contends that this implicates security concerns because it requires disclosure of an inmate's location at a specific time.  (Def.'s Opp'n 27:15-16.)  It is unclear why the disclosure of an inmate's location more than seven years ago would be a security concern now.  This objection is overruled.

Defendant also contends that the SCC litigation office informed Defendant that the document had been destroyed because it was outside the three-year retention policy for the document. (Def.'s Opp'n 27:17-20.)  However, Defendant did not actually respond to Plaintiff's request with a response from the SCC litigation office attesting to this.  Accordingly, Plaintiff's motion to compel further response to Request for Production No. 12 is granted.  Defendant is to furnish further response within thirty days from the date of service of this order.

**M.     Request For Production No. 13**

Pl.'s Request:         A copy of the Architectural drawing of the Gym (Bldg #T6), floor plan at Sierra Conservation Center Gym (Bldg #T6), to include the bunk layout, and bunk identification numbers, inmate names & CDC numbers assigned to each bunk, the location of the observation podium and Gym Custody Office, during the date of the incident as referred to in the above referenced complaint. This drawing is critical evidence which will be used during the trial.

Def.'s Response:    Defendant objects to this request because it is overbroad, irrelevant, vague and ambiguous as to "Architectural drawing." Without waiving objections, Defendant cannot produce this item because it does not exist, and if it did, Defendant does not have it in his possession, custody, or control.

Plaintiff contends that a floor plan must be submitted with a building permit, thus the building plan layout exists. (Pl.'s Mot. Compel 21:6-12.)  Defendant contends that no such document exists, and that Defendant does not have possession, custody, or control over such object. (Def.'s Opp'n 29:5-10.)

It is unclear whether such a floor plan exists, or that it is readily attainable by Defendant. The Court accordingly denies Plaintiff's motion to compel further response to Request For Production No. 13.

11

**N.    Request For Production No. 14**

Pl.'s Request:   The Sierra conservation Center "Alpha Roster", on May 13, 2004, to include, but not limited to, Inmate Names, housing location, bunk assignment, CDC Number, and Race. This record will show the bunk locations especially for Inmates Gorton, T-43446 and Inmate Pina (T-44230).

Def.'s Response:   Defendant objects to this request because it is overbroad, vague, and ambiguous as to "Alpha Roster", on May 13, 2004, to include, but not limited to, Inmate Names, housing location, bunk assignment, CDC Number, and Race." Moreover, Plaintiff's request is irrelevant because it is seeking information that is not likely to lead to the discovery of admissible evidence. And Defendants object that Plaintiff's request calls for information protected by privacy rights of staff and inmates guaranteed by the United States Constitution, the California Constitution, and the applicable statutes, such as Penal Code § 832.7 and 6126.3, Government Code § 6254, Evidence Code section 1043.

Defendant contends that it is unclear what an "Alpha Roster" is, and the Court sustains this objection on vagueness and ambiguity. However, it appears that Plaintiff is seeking a list of housing location and bunk assignments for inmates in SCC on May 13, 2004, which is not ambiguous. The Court thus limits Plaintiff's request to those terms.

Defendant also contends that this request is overbroad, and the Court sustains this objection. It is unclear why Plaintiff needs the location and bunk assignment of all other inmates, other than the inmate who apparently attacked Plaintiff. The Court thus limits this request to the bunk locations of Plaintiff and Inmate Pina on May 13, 2004.

Defendant's objection as to relevance for discovery purposes is sustained. Plaintiff contends that this is evidence of prior acts to prove motive or opportunity. (Pl.'s Mot. Compel 23:9-13.) It unclear why the location of Inmate Pina and Plaintiff on the day of May 13, 2004 would evidence motive or opportunity. Plaintiff's motion to compel further response to Request For Production No. 14 is denied.

**O.    Request For Production No. 16**[4]

Pl.'s Request:   All written statements and reports, including, but not limited to, reports made by prison officials, investigators, civilian employees, and prisoner witnesses, concerning the attack committed against Inmate Gorton on May 13, 2004 at Sierra Conservation Center.

---

[4] Plaintiff skipped number 15.

Def.'s Response:   Defendant objects to this request on the grounds that it is over-broad, vague, and not relevant to the claim or defense of any party. The request is also not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objections, Defendant responds that any responsive documents in Plaintiff's central file and medical records that are accessible to Plaintiff upon request. Defendant does not have possession, custody, or control of any responsive documents.

Plaintiff contends that his central file does not contain any information regarding the May 13, 2004 attack. (Pl.'s Mot. Compel 24:9-13.) Defendant contends that he does not have possession, custody, or control of any "written statements and reports." (Def.'s Opp'n 32:13-15.) Defendant further contends that Plaintiff was provided a copy of SCC 05-04-T-04, the CDC 115 Rules Violation Report prepared regarding this incident, and the CDC 128-B chrono. (*Id.* at 32:15-10.)

Defense counsel also contacted the SCC litigation office, who apparently stated that no other reports exist. (*Id.* at 32:19-21.) However, Defendant did not actually respond to Plaintiff's request with a response from the SCC litigation office attesting to this.[5] Accordingly, Plaintiff's motion to compel further response to Request for Production No. 16 is granted. Defendant is to furnish further response within thirty days from the date of service of this order.

**P.     Request For Production No. 17**

Pl.'s Request:   Any and all reports including, but not limited to, confidential files, taken by CDCR Personel [sic], Investigators, concerning statements made by Inmate Pina, T-44230, about the attack against Inmate Gorton, T-434456.

---

[5] Unlike his response to Request For Production No. 8, Defendant does not actually respond to Plaintiff's Request For Production No. 16 by stating no such reports exist.
   Defendant's argument that he has no possession, custody, or control over responsive documents is undermined by Defense counsel's ability to contact the SCC litigation office to determine whether such documents do exist. As this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

   Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Because the Court orders Defendant to furnish further response, the Court need not rule on this objection here.

| | |
|---|---|
| Def.'s Response: | Defendant objects to this request on the grounds that it is overbroad, vague, and not relevant to the claim or defense of any party. The request is also not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendants object that Plaintiff's request calls for information protected by privacy rights of staff and inmates guaranteed by the United States Constitution, the California Constitution, and the applicable statutes, such as Penal Code § 832.7 and 6126.3, Government Code § 6254, Evidence Code section 1043. Without waiving objections, Defendant responds that any responsive documents in Plaintiff's central file and medical records that are accessible to Plaintiff upon request. Defendant does not have possession, custody, or control of any responsive documents. |

Defendant contends that Plaintiff's request is vague what reports concern would concern statements by Inmate Pina about the May 13, 2004 incident. (Def.'s Opp'n 34:16-17.) This objection is overruled. It is clear that Plaintiff is seeking confidential files obtained by prison staff pertaining to any statements by Inmate Pina regarding the attack on Plaintiff.

Defendant contends that this request is overbroad because it seeks documents that relate to any events not related to this incident. (Def.'s Opp'n 34:17-18.) This objection is overruled, as Inmate Pina's statements concerning his attack on Plaintiff would be very relevant to this action.

Defendant contends that this is improper character evidence and that Plaintiff has not laid the foundation for any motive. (Def.'s Opp'n 34: 18-22.) Defendant appears to be recycling his arguments made in previous objections. This objection is denied as stated above in Request For Production No. 1.

Defendant contends that Plaintiff's request would violate privacy as protected under federal common law. Defendant contends that internal investigations of staff conduct, and the sensitive nature of the investigation, requires that the information not be disclosed outside of CDCR. (Def.'s Opp'n 35:16-36:9.)

The Court does not find these arguments persuasive here. As stated previously, federal common law recognizes a qualified privilege for official information, including government personnel files. *Kerr*, 511 F.2d at 198; *Soto*, 162 F.R.D. at 613. In determining whether information sought is privileged, the Court must weigh the potential benefits of disclosure

against the potential disadvantages to the party asserting the privilege. *Sanchez*, 936 F.2d at 1033-34. Here, Plaintiff's request concerns statements made by Inmate Pina regarding his attack on Plaintiff. Issues of security and confidentiality concerning Inmate Pina's statements are outweighed by Plaintiff's interest in discovering the purpose behind Inmate Pina's attack. Plaintiff's request is limited in scope to Inmate Pina's statements, not those of other reporting prison staff or other inmate witnesses. Since Inmate Pina is presumably the individual who attacked Plaintiff, Plaintiff has a strong interest in discovering any statements he made regarding the attack.

Defendant finally contends that no other reports exist, referring to a reasonable inquiry with the SCC litigation officer through Defense counsel. (Def.'s Opp'n 36:9-11.) However, Defendant did not actually respond to Plaintiff's request with a response from the SCC litigation office attesting to this. Accordingly, Plaintiff's motion to compel further response to Request for Production No. 17 is granted. Defendant is to furnish further response within thirty days from the date of service of this order.

### Q. Request For Production No. 18

Pl.'s Request: A listing of any and all lawsuits filed against Officer P.G. Miller, whether pending, dismissed or entered into final Judgment. This report will also include a listing of the Judgment to include the dispensation of the outcome.

Def.'s Response: Defendant objects to this request because it is overbroad, burdensome, vague, and ambiguous. The request is irrelevant because it is not likely to lead to the discovery of admissible evidence. Moreover, there is no such "listing" in existence, and Plaintiff's request is an interrogatory.

Plaintiff contends that he seeks information as to a history of lawsuits against Defendant Miller that are relevant to this case. (Pl.'s Mot. Compel 27:24-26.) Defendant contends that it is overbroad, burdensome, vague, and ambiguous. (Def.'s Opp'n 37:21-25.) Defendant's objection is denied as to vague and ambiguous. Lawsuits in this instance would be civil actions filed against Defendant.

Defendant's objection is granted as to overbroad and burdensome. Plaintiff is requesting every lawsuit filed against Defendant Miller. Not every lawsuit is relevant to this action. It is

burdensome because it will require Defendant to determine who has filed suit against Defendant. Not every suit filed in Court naming a defendant is served on a defendant. Thus, the Court will limit the scope of this request to any lawsuits filed against Defendant by sex offender inmates for civil rights violations.[6]

Defendant contends that he is not aware of any lawsuits that have been filed against him. (Def.'s Opp'n 38:3-6.) Again, Defendant did not respond to Plaintiff's request by stating this. The Court will thus grant Plaintiff's motion to compel further response and will require Defendant to furnish further response to Request For Production No. 18 within thirty days.

## II. Conclusion and Order

Based on the foregoing it is HEREBY ORDERED that

1. Plaintiff's motion to compel further response to Requests for Production Nos. 1, 2, 10, 16, 17, and 18 is GRANTED as stated herein;

2. Defendant is to serve further response to these Requests For Production within thirty (30) days from the date of service of this order; and

3. All other requests are DENIED.

IT IS SO ORDERED.

Dated:   September 27, 2010            /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant's objection as to foundation is denied, as stated above regarding Request For Production No. 1. Defendant also contends that Plaintiff's request for production should have been submitted as an interrogatory. Generally, a party may not use interrogatories as a substitute for a request for production. For the purpose of judicial efficiency, the Court will construe Request For Production No. 18 as a valid request.