# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROBERT GORTON, | CASE NO. 1:05-CV-00354-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND JOINDER OF ADDITIONAL DEFENDANTS AS UNTIMELY |
| v. | |
| BICK, et al., | (DOCS. 94, 98) |
| Defendants. | |

**Order**

**I.    Procedural History**

Plaintiff Charles Robert Gorton ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendant Miller for violation of the Eighth Amendment. The matter is set for jury trial.

On January 12, 2011, Plaintiff filed a motion for summary judgment. Doc. 94. Plaintiff also concurrently filed a motion for joinder of additional defendants. Defendant has not filed an opposition. The Court finds an opposition unnecessary and will address the motions.

**II.    Motion For Summary Judgment**

On July 7, 2009, the Court set a discovery and scheduling order in this action. Doc. 81. The Court set a deadline for filing dispositive motions by November 9, 2009. Neither party

requested an extension of time to file dispositive motions.[1]

Modification of a schedule requires a showing of good cause and the Court's consent. Fed. R. Civ. P. 16(b)(4).  Plaintiff has presented no good cause for filing a dispositive motion more than two months after the deadline.  Accordingly, the Court will deny Plaintiff's motion for summary judgment as untimely.

### III.    Motion For Joinder Of Defendants

Plaintiff requests the joinder of Captain M. J. Fox, Lieutenant Drew, CC II J. Andrade, Sergeant Davis, and officer Duckworth as defendants.  Plaintiff cites to Federal Rule of Civil Procedure 18(a) in support.  Generally, a party asserting a claim may join as many claims as it has against an opposing party.  Fed. R. Civ. P. 18(a).  This rule does not apply for joinder of defendants, however.  Joinder of parties is governed under Rules 19 and 20.

Pursuant to Rule 19, parties are required to be joined if, amongst other reasons, "in that person's absence, the court cannot accord complete relief among existing parties." *Id.* 19(a)(1). Plaintiff has not demonstrated how the above-listed individuals are indispensable parties to this action.  "Complete relief" refers to relief between persons who are already parties, not between the party and the absent person whose joinder is sought.  *Eldrege v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981).  Thus, the above individuals are not required to be joined in this action.

Rule 20, permissive joinder, allows for persons to be joined as defendants if any right to relief asserted against them arises out of the same transaction or occurrence.  Fed. R. Civ. P. 20(a)(2).  However, what Plaintiff is also attempting to do is amend his pleadings.  The Court set a deadline of September 8, 2009 for amending pleadings.  Doc. 81.  Neither party requested a modification of this deadline.  Again, good cause is required to modify a scheduling order.  Fed. R. Civ. P. 16(b)(4).  Plaintiff has presented no good cause for amending his pleadings more than four months after the deadline.  Accordingly, the Court will deny Plaintiff's motion for joinder of

---

[1] On September 15, 2009, Plaintiff filed a motion for extension of time to conduct further discovery, which the Court granted.  The motion did not mention any request for a modification of the schedule as to filing of dispositive motions.

additional defendants.

### IV. Conclusion

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for summary judgment, filed January 12, 2011, and Plaintiff's motion to join additional defendants, filed January 12, 2011, are DENIED as untimely.

IT IS SO ORDERED.

Dated: **January 13, 2011**                 **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE

3