IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROBERT GORTON, | 1:05-CV-00354 DLB (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT (DOC. 106) |
| BICK, et al., | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. 107) |
| Defendants. | |
| _____ / | |

Plaintiff Charles Robert Gorton ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Miller for failure to protect in violation of the Eighth Amendment. Pending before the Court are Plaintiff's motions to amend his complaint and for appointment of counsel, filed February 28, 2011. Docs. 106, 107.

**I.    Motion To Amend**

Plaintiff contends that he has newly discovered evidence, namely that Plaintiff's inmate attacker was rewarded by other prison officials for his assault on Plaintiff. Doc. 106. However, Plaintiff's motion is untimely. The Court's July 7, 2009 Discovery and Scheduling Order set an amended pleadings deadline of September 8, 2009. Plaintiff's motion to amend is more than a

-1-

year untimely. Plaintiff contends that he discovered this information on November 9, 2009. If true, this indicates that Plaintiff was not diligent in seeking an amendment to his complaint. Finally, Plaintiff's allegations concern a conspiracy to cover–up the inmate attack, after it happened. This is not sufficient to state a claim for violation of the Eighth Amendment, as there is no allegation indicating that the proposed defendants knew of and disregarded an excessive risk to Plaintiff's health. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). The alleged inmate attack had already occurred. Accordingly, Plaintiff's motion to amend is denied.

**II.      Motion For Appointment Of Counsel**

On February 28, 2011, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.*

The fact that Plaintiff is a convicted felon will not change because Plaintiff is appointed counsel. Plaintiff's case is not particularly complex, as it involves a straightforward allegation of failure to protect by Defendant.

1    For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
2 DENIED, without prejudice.
3    IT IS SO ORDERED.
4    **Dated:   March 9, 2011**              **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE